**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>GOOGLE, INC. and YOUTUBE, LLC §<br>§<br>§<br>Defendants. § | Case No. 1:14-cv-02396-PGG |

-------------------------------------------------------------X

### GOOGLE INC. AND YOUTUBE, LLC'S ANSWER TO
### NETWORK-1 TECHNOLOGIES, INC.'S COMPLAINT

Defendants Google Inc. ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") for their Answer to the Complaint of Network-1 Technologies, Inc. ("Network-1" or "Plaintiff"), respond as follows:

### PARTIES

1.      Defendants admit that Plaintiff is a Delaware corporation.  Defendants lack sufficient information to admit or deny whether Plaintiff maintains its principal place of business at 445 Park Avenue, Suite 1020, New York, New York 10022, and therefore deny this allegation.

2.      Defendants admit that Google is a Delaware corporation.  Defendants admit that Google maintains an office at 76 Ninth Avenue, New York, NY.  Defendants otherwise deny the allegations of paragraph 2 of the Complaint.

3.      Defendants admit that YouTube is a Delaware limited liability company and a wholly owned subsidiary of Google.  Defendants further deny any and all remaining allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.    Defendants admit that Plaintiff's Complaint purports to allege an action for patent infringement under Title 35, United States Code.  Defendants admit that subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).   Defendants lack sufficient information to admit or deny whether Plaintiff is the assignee of the patents-in-suit with standing to sue, and on that basis deny that the Court has subject matter jurisdiction. Defendants further deny having committed an act of patent infringement in this or any other district.

5.    Defendants admit that they are subject to this Court's specific and general personal jurisdiction.  Defendants otherwise deny the allegations of paragraph 5 of the Complaint.

6.    Defendants do not contest, for the purposes of this action only, that and venue in this Judicial District is proper within the meaning of 28 U.S.C. §§ 1400(b) and 1391(b) and (c). However, nothing herein shall be construed as an admission by Defendants that venue for the purpose of convenience to the parties is proper in this District under 28 U.S.C. § 1404, which Defendants expressly deny.  Defendants otherwise deny the allegations of paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.    Defendants lack sufficient information to admit or deny the allegations of paragraph 7 of the Complaint.

8.    Defendants lack sufficient information to admit or deny the allegations of paragraph 8 of the Complaint.

9.    Defendants lack sufficient information to admit or deny the allegations of paragraph 9 of the Complaint.

10.     Defendants lack sufficient information to admit or deny the allegations of paragraph 10 of the Complaint.

11.     Defendants lack sufficient information to admit or deny the allegations of paragraph 11 of the Complaint.

12.     Defendants lack sufficient information to admit or deny the allegations of paragraph 12 of the Complaint.

13.     Defendants lack sufficient information to admit or deny the allegations of paragraph 13 of the Complaint.

14.     Defendants lack sufficient information to admit or deny the allegations of paragraph 14 of the Complaint.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15 of the Complaint.

16.     Defendants lack sufficient information to admit or deny the allegations of paragraph 16 of the Complaint.

17.     Defendants lack sufficient information to admit or deny the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants admit that YouTube offers the www.youtube.com and m.youtube.com Websites.  Defendants otherwise deny the allegations of paragraph 19 of the Complaint.

20.     Defendants admit that registered users of the www.youtube.com Website can upload video content subject to various legal and technical restrictions.  Defendants otherwise deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.    Defendants deny the allegations of paragraph 22 of the Complaint.

23.    Defendants admit that, at one time YouTube estimated that more than one billion unique users visited YouTube each month, over 6 billion hours of video were watched each month on YouTube, and 100 hours of video were uploaded to YouTube every minute. Defendants further admit that YouTube is an element of Google's business.  Defendants lack sufficient information to admit or deny what third parties may estimate YouTube's 2013 advertising revenues to be.  Defendants otherwise deny the allegations of paragraph 23 of the Complaint.

## COUNT I
## Infringement of U.S. Patent No. 8,010,988

24.    Paragraph 24 of the Complaint contains no averments.  To the extent there are averments in paragraph 24, Defendants deny them.

25.    Defendants admit that U.S. Patent No. 8,010,988 on its face lists August 30, 2011 as its issue date, and "Using Features Extracted From An Audio And/Or Video Work To Obtain Information About The Work" as its title.  Defendants further admit that a copy of U.S. Patent No. 8,010,988 was attached to the Complaint as Exhibit A.  Defendants lack sufficient information to admit or deny whether Network-1 owns U.S. Patent No. 8,010,988.  Defendants otherwise deny the allegations of paragraph 25 of the Complaint.

26.    Defendants admit that YouTube offers the www.youtube.com and m.youtube.com Websites.  Defendants otherwise deny the allegations of paragraph 26 of the Complaint.

27.    Defendants admit that YouTube offers the Content ID system.  Defendants otherwise deny the allegations of paragraph 27 of the Complaint.

28.    Defendants deny the allegations of paragraph 28 of the Complaint.

29.    Defendants deny the allegations of paragraph 29 of the Complaint.

**COUNT II**
**Infringement of US. Patent No. 8,205,237**

30.     Paragraph 30 of the Complaint contains no averments.  To the extent there are averments in paragraph 30, Defendants deny them.

31.     Defendants admit that U.S. Patent No. 8,205,237 on its face lists June 19, 2012 as its issue date, and "Identifying Works, Using A Sub-Linear Time Search, Such As An Approximate Nearest Neighbor Search, For Initiating A Work-Based Action, Such As An Action On The Internet" as its title.  Defendants further admit that a copy of U.S. Patent No. 8,205,237 was attached to the Complaint as Exhibit B.  Defendants lack sufficient information to admit or deny whether Network-1 owns U.S. Patent No. 8,205,237.  Defendants otherwise deny the allegations of paragraph 31 of the Complaint.

32.     Defendants admit that YouTube offers the www.youtube.com and m.youtube.com Websites.  Defendants otherwise deny the allegations of paragraph 32 of the Complaint.

33.     Defendants admit that YouTube offers the Content ID system.  Defendants otherwise deny the allegations of paragraph 33 of the Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

**COUNT III**
**Infringement of U.S. Patent No. 8,640,179**

36.     Paragraph 36 of the Complaint contains no averments.  To the extent there are averments in paragraph 36, Defendants deny them.

37.     Defendants admit that U.S. Patent No. 8,640,179 on its face lists January 28, 2014 as its issue date; "Method For Using Extracted Features From An Electronic Work" as its title; and Network-1 Security Solutions, Inc., which is not a party to this action, as its assignee.

Defendants further admit that a copy of U.S. Patent No. 8,640,179 was attached to the Complaint as Exhibit C. Defendants lack sufficient information to admit or deny whether Network-1 actually owns U.S. Patent No. 8,640,179. Defendants otherwise deny the allegations of paragraph 37 of the Complaint.

38.     Defendants admit that YouTube offers the www.youtube.com and m.youtube.com Websites. Defendants otherwise deny the allegations of paragraph 38 of the Complaint.

39.     Defendants admit that YouTube offers the Content ID system. Defendants otherwise deny the allegations of paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Complaint.

**COUNT IV**
**Infringement of U.S. Patent No. 8,656,441**

42.     Paragraph 42 of the Complaint contains no averments. To the extent there are averments in paragraph 42, Defendants deny them.

43.     Defendants admit that U.S. Patent No. 8,656,441 on its face lists February 18, 2014 as its issue date, "System For Using Extracted Features From An Electronic Work" as its title, and Network-1 as its assignee. Defendants further admit that a copy of U.S. Patent No. 8,656,441 was attached to the Complaint as Exhibit D. Defendants lack sufficient information to admit or deny whether Network-1 actually owns U.S. Patent No. 8,656,441. Defendants otherwise deny the allegations of paragraph 43 of the Complaint.

44.     Defendants admit that YouTube offers the www.youtube.com and m.youtube.com Websites. Defendants otherwise deny the allegations of paragraph 44 of the Complaint.

45.     Defendants admit that YouTube offers the Content ID system. Defendants otherwise deny the allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

48.     Defendants' Affirmative Defenses are listed below.  Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### (Generally Applicable Affirmative Defenses)

49.     Each of paragraphs 1-48 are hereby incorporated by reference.

50.     All relief requested by Plaintiff should be denied for lack of subject matter jurisdiction because Plaintiff lacks standing to sue.

51.     The allegations of the Complaint fail to state a claim upon which relief can be granted.

52.     The relief requested by Plaintiff is barred, in whole or in part, to the extent Plaintiff or prior owners of the U.S. Patent Nos. 8,010,988; 8,205,237; 8,640,179; and 8,656,441 (collectively, the "Asserted Patents") have failed to comply with the requirements of 35 U.S.C. § 287.

### (Affirmative Defenses Related to U.S. Patent No. 8,010,988)

53.     Each of paragraphs 1-52 are hereby incorporated by reference.

54.     Defendants have not infringed and are not infringing the U.S. Patent No. 8,010,988 either directly or by inducing or contributing to infringement by others literally or under the doctrine of equivalents.

55.     Defendants have not willfully infringed and are not willfully infringing U.S. Patent No. 8,010,988.

56.     U.S. Patent No. 8,010,988 is invalid, void and unenforceable because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code including, but not limited, to 35 U.S.C. §§ 101, 102, 103, and 112 thereof.

57.     The relief requested by Plaintiff related to U.S. Patent No. 8,010,988 is barred, in whole or in part, by the doctrine of prosecution history estoppel.

**(Affirmative Defenses Related to U.S. Patent No. 8,205,237)**

58.     Each of paragraphs 1-52 are hereby incorporated by reference.

59.     Defendants have not infringed and are not infringing the U.S. Patent No. 8,205,237 either directly or by inducing or contributing to infringement by others literally or under the doctrine of equivalents.

60.     Defendants have not willfully infringed and are not willfully infringing U.S. Patent No. 8,205,237.

61.     U.S. Patent No. 8,010,988 is invalid, void and unenforceable because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code including, but not limited, to 35 U.S.C. §§ 101, 102, 103, and 112 thereof.

62.     The relief requested by Plaintiff related to U.S. Patent No. 8,205,237 is barred, in whole or in part, by the doctrine of prosecution history estoppel.

**(Affirmative Defenses Related to U.S. Patent No. 8,640,179)**

63.     Each of paragraphs 1-52 are hereby incorporated by reference.

8

64.     Defendants have not infringed and are not infringing the U.S. Patent No. 8,640,179 either directly or by inducing or contributing to infringement by others literally or under the doctrine of equivalents.

65.     Defendants have not willfully infringed and are not willfully infringing U.S. Patent No. 8,640,179.

66.     U.S. Patent No. 8,640,179 is invalid, void and unenforceable because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code including, but not limited, to 35 U.S.C. §§ 101, 102, 103, and 112 thereof.

67.     The relief requested by Plaintiff related to U.S. Patent No. 8,640,179 is barred, in whole or in part, by the doctrine of prosecution history estoppel.

**(Affirmative Defenses Related to U.S. Patent No. 8,656,441)**

68.     Each of paragraphs 1-52 are hereby incorporated by reference.

69.     Defendants have not infringed and are not infringing the U.S. Patent No. 8,656,441 either directly or by inducing or contributing to infringement by others literally or under the doctrine of equivalents.

70.     Defendants have not willfully infringed and are not willfully infringing U.S. Patent No. 8,656,441.

71.     U.S. Patent No. 8,656,441 is invalid, void and unenforceable because it fails to meet the conditions for patentability set forth in Title 35 of the United States Code including, but not limited, to 35 U.S.C. §§ 101, 102, 103, and 112 thereof.

72.     The relief requested by Plaintiff related to U.S. Patent No. 8,656,441 is barred, in whole or in part, by the doctrine of prosecution history estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demands judgment in their favor:

a.       Entering judgment against Plaintiff and dismissing with prejudice the Complaint

against Defendants;

b.       Declaring the Asserted Patents invalid;

c.       Declaring that Defendants do not infringe the Asserted Patents;

d.       Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding

Defendants their costs and attorneys' fees; and

e.       Awarding any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demands a trial by jury on all issues so triable.


Dated:  May 23, 2014                              Respectfully submitted,

                                                  /s/ Douglas R. Nemec

                                                  Douglas R. Nemec
                                                  Marti A. Johnson
OF COUNSEL:                                       Andrew D. Gish
James J. Elacqua                                  SKADDEN ARPS SLATE
Ian Chen                                             MEAGHER & FLOM LLP
SKADDEN ARPS SLATE                                Four Times Square
   MEAGHER & FLOM LLP                             New York, NY 10036
525 University Avenue, Ste. 1100                  Tel: (212) 735-3000
Palo Alto, CA 94301                               Fax: (917) 777-2419
Tel: (650) 470-4500                               Douglas.Nemec@skadden.com
Fax: (650) 470-4570                               Marti.Johnson@skadden.com
James.Elacqua@skadden.com                         Andrew.Gish@skadden.com
Ian.Chen@skadden.com

                                                  *Attorneys for Defendants Google Inc. and*
                                                  *YouTube, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was

filed electronically in compliance with Local Civil Rule 5.2 via the Court's CM/ECF system on

May 23, 2014 and, as such, was served on the counsel of record.

*/s/ Douglas R. Nemec*

Douglas R. Nemec
