SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

July 1, 2014

Hon. Paul G. Gardephe
United States District Court Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      RE:    Proposed Protective Order and Electronically Stored Information Order in *Network-1 Technologies, Inc. v. Google, Inc., et al.*, Case No. 1:14-cv-2396 (S.D.N.Y.)

Dear Judge Gardepehe:

    Pursuant to Paragraph 10 of the Civil Case Management Plan and Scheduling Order governing the above captioned action (D.I. 31), the parties respectfully submit this letter regarding a protective order and an order relating to the production of electronically stored information ("ESI"). The parties have not reached complete agreement regarding the terms of either order.

    Pursuant to Rule 4E of the Court's Individual Rules of Practice and Fed. R. Civ. P. 37(a)(1), the parties met and conferred on June 30, 2014 at 5:30 PM EST by telephone for approximately 35 minutes to attempt to reach an agreement on the terms of the Protective Order and the ESI Order. Marti A. Johnson and Andrew D. Gish participated on behalf of the Defendants, and Brian D. Ledahl participated on behalf of the Plaintiff. Despite conferring in good faith, the parties were unable to reach agreement on the form of a Protective Order and certain terms of an ESI Order.

    Defendants advocate adopting a proposed Protective Order and proposed ESI Order attached as Attachments 1 and 3 respectively. Defendants also attach a blackline showing the differences between their proposed Protective Order and the Court's Model Protective Order as Attachment 2. Plaintiff submits that the Court should adopt its Model Protective Order

Hon. Paul G. Gardephe
July 1, 2014
Page 2

(submitted as Attachment 4).  With respect to the ESI Order, Plaintiff does not agree with Defendants' proposed Section VI.B (with the exception of the first sentence).  Plaintiff attaches its proposed ESI Order which includes only portions on which the parties reached agreement as Attachment 6.

The sections below outline each party's position on the disputed issues.

**Defendants Google Inc. and YouTube, LLC's Position**

On June 13, 2014, Defendants provided drafts of the proposed Protective Order and proposed ESI Order for Plaintiff's consideration.  On June 27, 2014, Plaintiff responded, generally objecting that any deviations from the Court's Model Protective Order are unwarranted in this case.  In fact, Defendants' proposed provisions are necessary to (1) protect the trade secret algorithms underlying Defendants' Content ID system; (2) prevent improper use or dissemination of the parties' other discovery documents and information; and (3) ensure that ESI discovery is conducted in a focused, efficient and proportional manner.

*Source Code Protection Is Necessary To Prevent Third Parties From Circumventing Defendants' Trade Secret Content ID Algorithms*

The algorithms underlying Defendants' accused Content ID system are closely guarded trade secrets that have never been publicly disclosed.[1]  If the source code implementing these algorithms were to inadvertently become public, third parties would have a blueprint to circumvent the systems that prevent users from uploading copyrighted video and audio to YouTube without authorization.  Such a breach could result in widespread infringement of third party copyrights and necessitate a wholesale redesign of Content ID.  Given this heightened risk to Google and copyright holders at large, the Court should enter the source code provisions in Defendants' proposed Protective Order.  These provisions are consistent with the source code protections commonly adopted in patent cases, and would impose no undue burden on Plaintiff.

*An Outside Counsel Only Tier, Prosecution Bar, and Acquisition Bar Are Necessary To Prevent Plaintiff From Misusing Confidential Information Acquired In This Litigation*

An Outside Counsel Only tier, and prosecution and acquisition bars (barring individuals who receive confidential information in this suit from prosecuting or acquiring patents related to automated identification of audio and video for three years) are warranted to prevent improper

---

[1] Plaintiff asserts below that its Attachment 7 demonstrates that Defendants published articles and patent applications relating to their Content ID system.  In fact, Attachment 7 simply lists Google employee Michele Covell's research publications.  While certain of Ms. Covell's publications relate to content recognition generally, none constitute the trade secret algorithms that drive Defendants' actual implementation of Content ID.

use or dissemination of confidential information acquired in this litigation.[2] The above provisions would mitigate this concern by screening Plaintiff's internal personnel from Defendants' most sensitive information (in the case of the Outside Counsel Only tier) and prohibiting Plaintiff from acting on the information (in the case of the prosecution and acquisition bars). This Court has previously recognized the importance of screening internal employees from especially sensitive confidential information, as demonstrated by its adoption of multi-tiered protective orders in other patent infringement suits. *E.g.*, *Novo Nordisk Inc., et al. v. Actavis Inc., et al.*, Case No. 1:09-cv-9217-PGG, D.I. 31.

      Because Network-1 is in the business of acquiring and enforcing patents, prosecution and acquisition bars are especially important here. In the absence of the bars, Network-1 employees who receive Google confidential information will be permitted to prosecute and acquire patents relating the technology at issue in this suit. Because such employees have no mechanism to unlearn confidential information, they may inherently apply Defendants' confidential information to Network-1's benefit and, potentially, Defendants' detriment. The prosecution and acquisition bars, which are narrowly tailored to avoid burdening the parties, are a proportionate solution to this problem. Indeed, the bars do not prohibit Network-1 from prosecuting or acquiring patents, they merely require Network-1 to screen the subset of employees who conduct prosecution and acquisition activity from confidential information in this suit. Moreover, the bars only restrict patent prosecution and acquisition of patents within the narrow technical field of "automated identification, recognition, or comparison of audio, video, or still images."

      *ESI Limitations Are Necessary to Control the Scope of Discovery*

      In the absence of meaningful limitations on discovery – especially ESI discovery – the burdens of collecting, reviewing and producing documents can become overwhelming. This is particularly troublesome in cases where one party is considerably larger than the other, and hence could be a target of virtually limitless discovery. To counter this imbalance and ensure that the parties' discovery efforts are efficient and proportional, Defendants propose limiting discovery of electronically stored information at the outset to five custodians and five custodial search terms of the opposing party's choice. This will incentivize the parties to use their requests—and their opponent's resources—judiciously, and ensure that this case is litigated on its merits. To be sure, Defendants recognize the separate obligation to provide adequate discovery pursuant to the Federal Rules of Civil Procedure. As such, the above limitations are narrowly drafted to apply exclusively to electronic discovery in the possession of individual custodians, and do not restrict discovery of *non-custodial* documents residing in common repositories, shared drives, etc. Moreover, in the unlikely event that a party is unable to secure adequate discovery with five custodians, the proposed terms allow that party to petition the Court for additional custodians.

---

[2] These provisions are additionally warranted given the heightened sensitivity of Defendants' Content ID system, outlined above in Defendants' discussion of source code protections.

Hon. Paul G. Gardephe
July 1, 2014
Page 4

**Plaintiff Network-1 Technologies, Inc.'s Position**

Protective Order

The Court should enter its Model Protective Order in this case (separately attached as Attachment 4 with a blackline showing the removal of language regarding mutual agreement attached as Attachment 5), consistent with the Court's Rules of Practice. The mere fact that this case is a patent case does not change this, as this Court has entered its Model Order in such cases before, such as *Digital Underground Media, Inc. v. Spectrum Motion Media Ltd.*, Case No. 12-cv-08630 (PGG). Defendants (collectively "Google") ask this Court to impose significant restrictions in order to protect trade secrets and sensitive information from public disclosure. The Court's Model Protective Order already does that in its very first paragraph. Google fails to offer any particularized explanation of why any of the numerous deviations Google seeks from the Court's Model Protective Order are needed for this case as contrasted with other cases before the Court. Consistent with paragraph 13 of the Court's Model Order, if there are particular materials for which Google believes additional protections are needed, Network-1 will be happy to confer with Google about those issues at that time, and if no agreement can be reached, the parties can submit the issue to the Court. Google has not identified any such issues with the particularity contemplated by the Court's Model Order and Individual Rules of Practice.

Google proposes (in its proposed paragraph 3) that virtually all categories of material, including "marketing, financial, sales, web traffic, research and development, or technical, data or information" could be designated "attorneys' eyes only." The Court's Model Order contemplates that "extraordinary circumstances" are needed for the Court to adopt such designations on a particularized showing. Google makes no showing beyond its *ipse dixit* that the material subject to discovery is highly sensitive or trade secret, particularly since Google has published numerous articles and patent applications relating to its ContentID system. *See, e.g.,* Att. 7.

Google also proposes burdensome restrictions regarding the handling of "source code." Google proposes that these restrictions should apply to material that "contains <u>or substantively relates to</u> a party's 'Source Code.'" (Google's Proposed paragraph 4, emphasis added). Google further expands this category by defining "Source Code" to include "documents containing <u>or substantively relating to</u> confidential, proprietary and/or trade secret source code <u>or technical design documentation</u>." (*Id.*, emphasis added). Thus, Google proposes to impose numerous additional burdensome restrictions to 1) source code itself, 2) documents relating to source code or technical design documentation, and 3) material that "substantively relates" to either of these. Category 3 is particularly sweeping since it embraces materials that relate to materials that relate to source code. Google fails to explain the need for such expansive protections, or the onerous restrictions that it proposes to apply to them in its proposed paragraph 11, running more than 7 pages in length.

Hon. Paul G. Gardephe
July 1, 2014
Page 5

      Google also proposes an unprecedented "acquisition bar" (in proposed paragraph 24) to prevent the parties from engaging in normal business activities like acquiring patents. Network-1 is a small company (with 3 full-time employees) involved in acquisition and development of intellectual property assets. Google proposes to preclude it from conducting its business. Google further proposes a bar on patent prosecution activities (proposed paragraph 23). Google offers no particularized explanation for either of these restrictions, nor any reason why these restrictions are needed in this case as contrasted with other cases before the Court. Google has simply asked for numerous additional restrictions that will impose burdens on Network-1 and its ability to work with its counsel of choice.

      Google fails to sustain its burden of showing a particularized need for the numerous additional limits on discovery that it seeks in excess of the Court's Model Protective Order. Thus, the Court should enter its Model Protective Order.

      Electronic Discovery

      The parties largely agree upon a stipulation governing issues of the format and form of disclosure of electronic materials in discovery. But, Google proposes to limit discovery of electronic material to only five individuals, and the use of only five search terms to search their materials. Google offers no explanation of the need for these restrictions, except to state broadly that Google wishes to limit electronic discovery. Network-1's initial disclosures identified eight current or former Google employees that Network-1 believes have relevant information in light of various public materials. Google identified four different individuals likely to have relevant information. Though Google identified even a secretary at the law firm representing Network-1 (Vivian Campbell, a secretary at the Amster, Rothstein firm), it did not identify individuals such as Shumeet Baluja or Michele Covell, who have authored numerous publications about the technology underlying Google's purportedly secret and sensitive ContentID system.[3] More individuals are likely to come to light in discovery. Google's attempt to limit the scope of electronic discovery is premature given the state of information available in the case thus far, and it is unreasonable, in light of the number of potentially relevant individuals that have already come to light. Of course, when the parties have identified the relevant materials and individuals at issue, Network-1 will work with Google to keep electronic discovery appropriately focused, but the arbitrary limits proposed by Google are inappropriate.

      In light of these facts, Network-1 respectfully submits that the Court should enter only the portions of the ESI stipulation upon which the parties agree (attached hereto as Attachment 6). The Court should not grant Google's request for a further limitation on electronic discovery as Google has failed to make any particularized showing to support its request for such a limit.

---

[3] *See* Attachment 7, a Google internet page showing Ms. Covell's and Mr. Baluja's extensive involvement in the relevant technology, at 2-3.

Hon. Paul G. Gardephe
July 1, 2014
Page 6

| | |
|---|---|
| Dated: July 1, 2014 | Respectfully submitted, |
| /s/ Charles R. Macedo | /s/ Douglas R. Nemec |
| Charles R. Macedo<br>AMSTER, ROTHSTEIN & EBENSTEIN LLP<br>90 Park Avenue<br>New York, New York 10016<br>(212) 336-8074<br>(212) 336-8001<br>cmacedo@arelaw.com<br><br>Marc A. Fenster (pro hac vice)<br>Brian D. Ledahl (pro hac vice)<br>Benjamin T. Wang (pro hac vice)<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>(310) 826-7474<br>(310) 826-6991<br>mfenster@raklaw.com<br>bledahl@raklaw.com<br>bwang@raklaw.com<br><br>*Attorneys for Network-1 Technologies, Inc.* | Douglas R. Nemec<br>Marti A. Johnson<br>Andrew D. Gish<br>SKADDEN ARPS SLATE<br>   MEAGHER & FLOM LLP<br>Four Times Square<br>New York, NY 10036<br>Tel: (212) 735-3000<br>Fax: (917) 777-2419<br>Douglas.Nemec@skadden.com<br>Marti.Johnson@skadden.com<br>Andrew.Gish@skadden.com<br><br>OF COUNSEL:<br>James J. Elaqua<br>Ian Chen<br>SKADDEN ARPS SLATE<br>   MEAGHER & FLOM LLP<br>525 University Avenue, Ste. 1100<br>Palo Alto, CA 94301<br>Tel: (650) 470-4500<br>Fax: (650) 470-4570<br>James.Elacqua@skadden.com<br>Ian.Chen@skadden.com<br><br>*Attorneys for Defendants Google Inc. and YouTube, LLC* |