UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NETWORK-1 TECHNOLOGIES, INC., §
§
Plaintiff, §
§   Case No. 1:14-cv-02396-PGG
v. §
§
GOOGLE, INC. and YOUTUBE, LLC §
§
§
Defendants. §
------------------------------------------------------------X

10/29/14

## STIPULATED CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order -- including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential Outside Counsel Only" (collectively "Protected Discovery Material") pursuant to this Order, no person subject to this Order may disclose such Protected Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material (the "Producing Party") to another party (the "Receiving Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-publicly disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-publicly disclosed material relating to ownership or control of any non-public company;

    (c) previously non-publicly disclosed business, product-development, technical, sales, marketing, financial, or other commercially sensitive information;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information this Court subsequently affords confidential status.

3. The Producing Party may designate as "Confidential Outside Counsel Only" only the portion of such material that it reasonably and in good faith believes consists of:

    (a) non-public, confidential information that provides a commercial advantage to the Producing Party and describes with particularity the technical implementation of the Producing Party's proprietary products or services,

2

which the Producing Party believes in good faith would cause it competitive harm if disclosed to the Receiving Party; or

(b) non-public, confidential information that provides a commercial advantage to the Producing Party and describes with particularity strategic financial or business information related to existing and prospective customers, clients, and partners, which the Producing Party believes in good faith would cause it competitive harm if disclosed to the Receiving Party.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Protected Discovery Material by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential Outside Counsel Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Confidential Outside Counsel Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Confidential Outside Counsel Only" or (b) notifying all counsel of record in writing, within 24 hours after a deposition has concluded if the Producing Party contends that the deposition contained "Confidential" or "Confidential Outside Counsel Only" material, in which event, the Producing Party must request an expedited transcript of the deposition and identify the specific pages and lines of the transcript that are to be so designated within 48 hours of receipt of such transcript. During the 24-hour period following a

3

deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential Outside Counsel Only."

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential Outside Counsel Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) as Protected Discovery Material.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto in accordance with paragraph 11;

4

(d) as to any document, its author, its recipient, and any other person indicated on the face of the document as having received a copy;

(e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person is an independent, outside consultant (i.e., not an employee of a party), and has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto in accordance with paragraph 11;

(f) stenographers engaged to transcribe depositions the Parties conduct in this action;

(g) this Court, including any appellate court, its support personnel, and court reporters; and

(h) up to three employees of the Parties, provided each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto in accordance with paragraph 11.

9. Where a Producing Party has designated Discovery Material as "Confidential Outside Counsel Only," other persons subject to this Order may disclose such information only to the persons or entities listed in paragraphs 8(a)-(g) subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph 8(h).

10. Upon entry of a protective order in this action and prior to the deadline for substantial completion of document production, the parties will make productions of confidential documents. After reviewing these productions, the parties will work together to determine whether production of source code material will be necessary in this case and, if so, will submit a second protective order governing the inspection of such material. If the parties are unable to

reach agreement regarding a protective order governing the inspection of source code, they will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Rules.

        11. Before disclosing any Protected Discovery Material to any person referred to in subparagraphs 8(c), (e), or (h) above ("Covered Individuals"), counsel must provide a copy of this Order to such Covered Individual, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must provide a copy of each signed Non-Disclosure Agreement; the Covered Individual's name, address, curriculum vitae, current employer, employment history for the past ten years; a listing of cases in which the Covered Individual has testified as an expert at trial or by deposition within the preceding five years; and an identification of any patents or patent applications in which the Covered Individual is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest to the Producing Party, who shall have ten business days after such notice is given to object in writing to the disclosure. No Protected Discovery Material shall be disclosed to such Covered Individual until after the expiration of the foregoing notice period and resolution of any objection.

        (a) A party objecting to disclosure of Protected Information to a Covered Individual shall state with particularity the ground(s) of the objection and the specific bates ranges of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a Covered Individual shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to

the Covered Individual will result in specific business or economic harm to that party.

(b) If after consideration of the objection, the party desiring to disclose the Protected Information to a Covered Individual refuses to withdraw the Covered Individual, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten business day period, absent an agreement of the parties to the contrary or for an extension of such ten business day period, shall operate as an approval of disclosure of the identified bates ranges of Protected Information to the Covered Individual. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

(c) The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the Covered Individual. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, (3) the Covered Individual is in a position to allow the Protected Information to be disclosed to or become known by the objecting party's competitors, and (4) that the Covered Individual's access to Protected Information may create other confidentiality or legal risks in

7

connection with other patent-related activities or interests tied to the Covered Individual.

(d) A party who has not previously objected to disclosure of Protected Information to a Covered Individual or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a Covered Individual at a later time with respect to materials or information that are produced after the time for objecting to such a Covered Individual has expired. Any such objection shall be handled in accordance with the provisions set forth above in paragraphs 11(a)-(c).

12. In accordance with paragraph 2 of this Court's Individual Rules, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

13. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential," or "Confidential Outside Counsel Only" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. A party shall provide a minimum of two business days' notice to the Producing Party in the event that a party intends to use any Protected Information during trial. In addition, the parties will not oppose any request by the Producing Party that the courtroom

8

should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

15. In filing Protected Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

16. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Rules.

17. Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Rules.

18. Recipients of Protected Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing

contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 business days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21. Within 60 days of the final disposition of this action – including all appeals – all recipients of Protected Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, the outside attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Discovery Material. Any such

archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

22. The Producing Party may further designate materials within the scope of paragraph 3(a) as "Prosecution/Acquisition Bar Materials" where such materials describe the current or any contemplated future implementation of the Producing Party's proprietary products or services. Any person reviewing any of another party's materials that are designated as "Prosecution/Acquisition Bar Materials" shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity. Prosecution Activity shall mean the drafting or amending of patent claims or advising clients on the drafting or amending of patent claims relating to the use of extracted features to automatically identify or recognize audio or video content. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

23. Any person reviewing any of another party's materials that are designated as "Prosecution/Acquisition Bar Materials" shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Acquisition Activity on behalf of a party or related entity asserting a patent in this case. Acquisition Activity shall mean any activity related to: (i) the acquisition of patents or

11

patent applications claiming the use of extracted features to automatically identify or recognize audio or video content; or (ii) advising or counseling clients regarding the same. Acquisition Activity shall not mean activities involved in acting as, advising, or representing the seller of patents or patent applications.

24. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

25. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure

shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

26. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

27. Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

28. No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

29. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Discovery Material is produced or disclosed.

30. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 27, 2014                                Respectfully submitted,

/s/ Charles R. Macedo                                  /s/ Douglas R. Nemec

Charles R. Macedo                                      Douglas R. Nemec
AMSTER, ROTHSTEIN & EBENSTEIN LLP                      Marti A. Johnson
                                                       Andrew D. Gish
90 Park Avenue                                         SKADDEN ARPS SLATE
New York, New York 10016                                  MEAGHER & FLOM LLP
(212) 336-8074                                         Four Times Square
(212) 336-8001                                         New York, NY 10036
cmacedo@arelaw.com                                     Tel: (212) 735-3000
                                                       Fax: (917) 777-2419
Marc A. Fenster (pro hac vice)                         Douglas.Nemec@skadden.com
Brian D. Ledahl (pro hac vice)                         Marti.Johnson@skadden.com
Benjamin T. Wang (pro hac vice)                        Andrew.Gish@skadden.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025                          OF COUNSEL:
(310) 826-7474                                         James J. Elaqua
(310) 826-6991                                         Ian Chen
mfenster@raklaw.com                                    SKADDEN ARPS SLATE
bledahl@raklaw.com                                        MEAGHER & FLOM LLP
bwang@raklaw.com                                       525 University Avenue, Ste. 1100
                                                       Palo Alto, CA 94301
*Attorneys for Network-1*                              Tel: (650) 470-4500
*Technologies, Inc.*                                   Fax: (650) 470-4570
                                                       James.Elacqua@skadden.com
                                                       Ian.Chen@skadden.com

                                                       *Attorneys for Defendants*
                                                       *Google Inc. and YouTube, LLC*


                                                       SO ORDERED.                    10/28/14

                                                       _____
                                                       Hon. Michael H. Dolinger
                                                       United States Magistrate Judge

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NETWORK-1 TECHNOLOGIES, INC.,                §
                                             §
            Plaintiff,                       §
                                             §   Case No. 1:14-cv-02396-PGG
v.                                           §
                                             §
GOOGLE, INC. and YOUTUBE, LLC                §
                                             §
                                             §
            Defendants.                      §
-------------------------------------------------------------X

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court. I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

_____

Dated: