**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | 14 Civ. 2396 (PGG) |
| GOOGLE LLC and YOUTUBE, LLC, | 14 Civ. 9558 (PGG) |
| Defendants. | |

**PLAINTIFF NETWORK-1 TECHNOLOGIES, INC.'S**
**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

TO THE COURT AND TO ALL PARTIES THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, upon the Memorandum of Law in Support of Plaintiff Network-1 Technologies, Inc.'s Motion For Summary Judgment Pursuant to Fed. R. Civ. P. 56 and this Court's Local Civil Rule 56.1 dated September 11, 2020; the accompanying Affidvait of Brian D. Ledahl dated September 11, 2020 and all exhibits thereto; and all of the prior pleadings and proceedings in this Action, Plaintiff Network-1 Technologies, Inc., by and through its undersigned counsel, hereby moves this Court, before the Honorable Judge Paul G. Gardephe, U.S.D.J., at the United States District Court, Southern District of New York, at 500 Pearl Street, New York, NY 10007, Courtroom Number 14B, for an Order dismissing Google's affirmative defenses concerning patent invalidity based on 35 USC § 102 or § 103 for the following reasons:

1.   Google has failed to show by clear and convincing evidence that the Clango prior art reference anticipates or renders obvious all elements of claim 17 of the asserted U.S. Patent No. 8,010,988 (the "'988 patent"), renders obvious asserted claims 33, 34, and 35 of the asserted U.S. Patent No. 8,205,237 (the "'237 patent") (standing alone), or renders obvious claims 1, 8, 10, 16, 18, 25, 27, and 33 of the asserted U.S. Patent No. 8,904,464 (the "'464 patent") in combination the Chen prior art reference on the grounds Google cannot demonstrate facts showing: (a) public use of the relevant portions of Clango under 35 U.S.C. § 102(a); (b) that the relevant portions of Clango were not suppressed or concealed under 25 U.S.C. § 102(g); (c) proper corroboration of testimony regarding the relevant features of the Clango System; and (d) that a person of ordinary skill in the art would be motivated to combine Clango with Chen with an expectation of success;

2.   Google has failed to show by clear and convincing evidence that the FreeAmp prior art reference renders obvious all elements of claim 17 of the '988 patent, or renders obvious asserted claims 33, 34, and 35 of the asserted '237 patent alone or in combination other prior art references on the grounds Google cannot demonstrate facts showing: (a) public use of the relevant portions of FreeAmp under 35 U.S.C. § 102(a); (b) that the relevant portions of FreeAmp were not suppressed or concealed under 25 U.S.C. § 102(g); (c) proper corroboration of testimony regarding the relevant features of the FreeAmp System; and (d) that a person of

ordinary skill in the art would be motivated to combine FreeAmp with other prior art references with an expectation of success; and

3.   Google's claims that the combination of the Chen prior art reference and the Arya prior art reference invalidates claim 17 of the '988 Patent and claims 33, 34, and 35 of the '237 Patent are barred by the estoppel provisions of 35 U.S.C. § 315(e).

By agreement of the Parties and approval of the Court, Google's answering papers shall be served on or before October 16, 2020; and Plaintiff's reply papers shall be served on or before November 6, 2020. Oral argument has not yet been scheduled by the Court.

Dated: September 11, 2020

/s/ Brian D. Ledahl
Marc A. Fenster (*pro hac vice*)
Brian D. Ledahl (*pro hac vice*)
Adam S. Hoffman (*pro hac vice*)
Paul A. Kroeger (*pro hac vice*)
Amy E. Hayden (*pro hac vice*)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com
ahayden@raklaw.com

Charles R. Macedo
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
cmacedo@arelaw.com

*Attorneys for Network-1 Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 11, 2020, a true and correct copy of foregoing documents were served on all parties of record via email.

*/s/ Brian D. Ledahl*
Brian D. Ledal

*Attorneys for*
*Network Technologies Inc.*

3