UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 7, 2021
```

NETWORK-1 TECHNOLOGIES, INC.,

    Plaintiff,

v.

GOOGLE LLC and YOUTUBE, LLC,

    Defendants.

14 Civ. 2396 (PGG-SN)

14 Civ. 9558 (PGG-SN)

## JOINT STIPULATION FOR LIMITED DISCOVERY AFTER THE CLOSE OF FACT DISCOVERY

Plaintiff Network-1 Technologies, Inc. and Defendants Google LLC and YouTube, LLC (collectively, "Google"), through their undersigned counsel, hereby stipulate, subject to approval by this Court, to conduct the following additional limited discovery.

WHEREAS, fact discovery closed on November 1, 2019 (Dkt. No. 201[1]);

WHEREAS, on February 19, 2021, Google served supplemental contention interrogatory responses concerning certain of its defenses and the location of portions of the previously-accused Content ID system (Dkt. No. 248-1);

WHEREAS, on March 12, 2021, Google served a supplemental document production concerning the same (*see* Dkt. No. 248-5);

WHEREAS, the Court ordered the parties to meet and confer as to the scope of limited discovery concerning the same (Dkt. No. 252).

NOW THEREFORE, the parties hereby stipulate and agree as follows:

---

[1] Citations to the docket refer to docket entries in Case No. 14 Civ. 2396 (PGG-SN).

1

1.     Network-1 may serve five additional interrogatories relating to the subject matter raised in Google's February 19, 2021 supplemental interrogatory responses.

2.     Network-1 may serve additional requests for production relating to the following: (1) documents sufficient to show the technical operation of the Content ID System as of January 2021, to the extent that it is different from the technical operation of the Content ID system as of November 1, 2019; (2) documents sufficient to show changes in the technical operation of Content ID since the close of fact discovery; (3) documents sufficient to show when and how what portions of Content ID were allegedly moved outside the United States since November 1, 2019; (4) documents regarding all costs, equipment, and manpower required to effectuate such moves, any ongoing costs for such moves, and how such costs, equipment, and manpower were computed; (5) documents concerning any challenges encountered with these moves; (6) documents sufficient to show what portions of Content ID still operate within the United States, and how Content ID operates for content uploaded by YouTube users in the United States to the extent different from the operation of the Content ID system as of November 1, 2019; (7) documents sufficient to show the locations of the Content ID match servers in 2011, at the time of the transition to the Siberia system, at the close of fact discovery, and at present; (8) documents sufficient to show the hardware capabilities for storage and processing at each such location in 2011, at the time of the transition to the Siberia system, at the close of fact discovery, and at present; (9) documents sufficient to show Google's practices regarding load balancing in 2011, at the time of the transition to the Siberia system, at the close of fact discovery, and at present; (10) communications concerning the decision to develop the Content ID System as of January 2021; and (11) communications concerning the implementation of the Content ID System as of January 2021.

3.      Google will produce a privilege log for the March 12, 2021 production as well as for any subsequent document production that concerns the location of portions of the previously-accused Content ID system and/or in response to Network-1's additional requests for production.  Such privileged documents and communications will be logged, even if they were created after these cases were initiated.  Notwithstanding the foregoing, Google will not log privileged documents created on or after February 19, 2021.

4.      Network-1 may serve a 30(b)(6) deposition notice containing topics concerning the subject matter of Google's February 19, 2021 supplemental interrogatory responses and the subject matter identified in paragraph 2.  Google will designate one or more witnesses for deposition on those topics, and make that witness or those witnesses available for deposition by remote video using Google Meet and Google Drive at a mutually convenient time.  Google will ensure compliance with any local blocking statutes.  Network-1 and Google agree that they will stipulate to the administration of the deposition oath by the court reporter.  The total time for additional 30(b)(6) deposition testimony shall not exceed seven hours.

5.      Network-1 may also serve 30(b)(1) deposition notices on other individuals involved with the alleged relocation of portions of the previously-accused Content ID system, including Hanna Pasula, Matthias Konrad, Demarron Berkley, Christine Moor, Alana Malina, Alexandru Voicu, Oleg Ryjkov, Michael Keller, and/or any other witness Google indicates an intent to call to testify at trial.  Upon receipt of such notices, Google will make these individuals available for deposition by remote video using Google Meet and Google Drive at a mutually convenient time.  Any such depositions will be limited in scope to the subject matter of Google's February 19, 2021 supplemental interrogatory responses and the subject matter identified in paragraph 2.  Google will ensure compliance with any local blocking statutes.

Network-1 and Google agree that they will stipulate to the administration of the deposition oath by the court reporter. The total time for additional 30(b)(1) deposition testimony shall not exceed fourteen hours and the total number of deponents shall not exceed five or the number of witnesses Google intends to call at trial on this subject matter, whichever is greater. Network-1 may move for leave of court to depose a number of witnesses exceeding the foregoing total, and/or to exceed the foregoing fourteen hour 30(b)(1) deposition time total, upon a showing of good cause. The parties agree that an individual who is noticed for deposition under Rule 30(b)(1) and also designated to provide testimony under Rule 30(b)(6) will be deposed no more than once.

6. Network-1 reserves the right to seek additional document production or to identify additional 30(b)(1) deponents once it receives Google's written discovery responses and document production, and also, to the extent necessary, that it becomes necessary to do so based on information learned from subsequent depositions. Notwithstanding, without further leave of court and a showing of good cause, the total time for all 30(b)(1) depositions permitted under this stipulation shall not exceed fourteen hours and the total number of deponents shall not exceed five or the number of witnesses Google intends to call at trial on this subject matter, whichever is greater.

7. If Google indicates that it seeks to call a witness or witnesses at trial to testify about the subject matter of Google's February 19, 2021 supplemental interrogatory responses or the subject matter identified in paragraph 2 who was not listed on Google's Rule 26(a)(1) disclosures, was not designated as a 30(b)(6) witness pursuant to paragraph 4, and was not otherwise deposed, Network-1 reserves the right to seek leave to take such witness(es)' deposition(s).

8. Google reserves the right to object to any discovery requests and deposition notices served by Network-1 pursuant to this stipulation.

9. Absent further agreement by the parties, fact discovery permitted by this stipulation shall be substantially completed by July 15, 2021. If a witness is unavailable for deposition during this time frame, the parties agree that he or she may be deposed out of time at a time agreed upon by the parties.

10. Network-1 also reserves the right to seek leave to serve supplemental expert reports based upon this supplemental discovery, and Google reserves the right to seek leave to serve responsive reports. In the event Network-1 seeks leave for this additional expert discovery, the parties will work cooperatively in an attempt to reach a mutually agreeable expert discovery schedule.

11. Network-1 further reserves the right to seek to exclude any of this discovery and any subsequent supplemental expert reports via motions *in limine* and/or *Daubert* motions in accordance with the Court's forthcoming order(s) setting trial in this matter.

SO STIPULATED.

| | |
|---|---|
| Dated: May 6, 2021 | Respectfully submitted, |
| RUSS, AUGUST & KABAT | WILLIAMS & CONNOLLY LLP |
| BY: /s/ Amy E. Hayden | BY: /s/ Andrew V. Trask |
| Marc A. Fenster (*pro hac vice*)<br>Brian D. Ledahl (*pro hac vice*)<br>Adam S. Hoffman (*pro hac vice*)<br>Paul A. Kroeger (*pro hac vice*)<br>Amy E. Hayden (*pro hac vice*)<br>Jacob R. Buczko (*pro hac vice*)<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Phone: (310) 826-7474<br>Fax: (310) 826-6991<br>mfenster@raklaw.com<br>bledahl@raklaw.com<br>ahoffman@raklaw.com<br>pkroeger@raklaw.com<br>ahayden@raklaw.com<br>jbuczko@raklaw.com | Thomas H. L. Selby (*pro hac vice*)<br>Samuel Bryant Davidoff<br>Andrew V. Trask<br>Melissa Collins (*pro hac vice*)<br>Graham W. Safty (*pro hac vice*)<br>Sumeet P. Dang (*pro hac vice*)<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>Phone: (202) 434-5000<br>Fax: (202) 434-5029<br>tselby@wc.com<br>sdavidoff@wc.com<br>atrask@wc.com<br>mcollins@wc.com<br>gsafty@wc.com<br>sdang@wc.com |
| Charles R. Macedo<br>AMSTER, ROTHSTEIN &<br>EBENSTEIN LLP<br>90 Park Avenue<br>New York, NY 10016<br>Phone: (212) 336-8074<br>Fax: (212) 336-8001<br>cmacedo@arelaw.com<br><br>*Attorneys for Network-1*<br>*Technologies, Inc.* | For Matters in New York:<br>WILLIAMS & CONNOLLY LLP<br>650 Fifth Avenue, Suite 1500<br>New York, NY 10022<br><br>Kevin Hardy (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1300 I Street, NW, Suite 900<br>Washington, DC 20005<br>Phone: (202) 538-8000<br>Fax: (202) 538-8100<br>kevinhardy@quinnemanuel.com<br><br>*Attorneys for Google LLC and YouTube, LLC* |

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: May 7, 2021
    New York, New York

6