

12424 Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Memo Endorsement: Google to provide Network-1 with the agreed financial data referenced in this letter by **August 5, 2022**. Network-1 will provide Google with any supplemental expert reports by **August 26, 2022**. Google will provide Network-1 with any supplemental rebuttal expert reports by **September 16, 2022**. Network-1 will file any supplemental briefing – not to exceed 10 pages double-spaced – regarding Google's pending motion for summary judgment by **September 23, 2022**. Google will file any responsive supplemental briefing – not to exceed 10 pages double-spaced – by **September 30, 2022**.

SO ORDERED.

*/s/ Paul G. Gardephe*

Paul G. Gardephe
United States District Judge
Dated: July 11, 2022

Re:   *Network-1 Technologies, Inc. v. Google LLC, et al.*, Nos. 1:14-cv-2396-PGG-SN & 1:14-cv-9558-PGG-SN

Dear Judge Gardephe:

Pursuant to the Court's Memorandum Order (Case No. 2396, Dkt. # 264), Plaintiff Network-1 Technologies, Inc. ("Network-1") and Defendants Google LLC and YouTube, LLC (collectively "Google") respectfully submit this joint letter setting forth their respective positions as to whether the stipulated supplemental discovery authorized by Judge Netburn's May 7, 2021 Order, including any supplemental expert reports, has any impact on the parties' pending cross-motions for summary judgment.

Plaintiff's Position

Judge Netburn's Order, issued pursuant to stipulation of the parties after a hearing with the Court, authorized certain discovery after the close of the fact discovery period. The Parties completed that fact discovery consistent with the stipulated Order. The Order also provided that the parties reserved the right to seek leave to serve supplemental expert reports in light of the additional discovery. The parties have discussed the issue of additional expert reports and have agreed that service of such additional reports is appropriate (without prejudice to Network-1's positions referenced in paragraph 11 of Judge Netburn's Order).

In discussion of the service of supplemental expert reports, Network-1 has requested that Google also provide supplemental sales/revenue information for time periods after the close of fact discovery that are implicated by the claims at issue. This will allow any supplemental expert reports to also include this material, rather than requiring unnecessary serial rounds of expert supplementation. Google has agreed to provide such information, but has not yet done so, and has not provided a specific time by which it will provide such information. Once that information is provided, Network-1 believes that the parties can promptly complete any expert report supplementation.

Network-1 anticipates that the supplemental expert reports, which have not yet been completed, will implicate one issue in connection with Google's motion for



Hon. Paul G. Gardephe
July 7, 2022
Page 2

summary judgment (Case No. 2396, Dkt. # 223; Case No. 9558, Dkt. # 158).  Network-1 anticipates that this issue will be addressed in a supplemental report from its expert, Professor Mitzenmacher, and that the issues relevant to the summary judgment motion can be presented in a brief supplemental submission and accompanying declaration.  Network-1 does not anticipate that any of the pending supplemental expert materials will impact Network-1's pending motion for summary judgment regarding invalidity defenses.  Google suggests that the parties previously agreed that the supplemental discovery would not impact the summary judgment motions, but points to submissions before the discovery was actually taken.  In the discovery itself, Network-1 learned of adjustments to the technical operation of Google's ContentID system which Google had not disclosed prior to the supplemental discovery authorized by Judge Netburn.  That information contradicted factual assertions made by Google in its summary judgment motion, and confirmed factual assertions made by Network-1 in opposing that motion.  Network-1 should be permitted to present that material to the Court.[1]

      Accordingly, Network-1 respectfully requests that the Court order Google to provide its updated sales/revenue information by not later than July 21.  Network-1 proposes that it will provide its supplemental expert report(s) within 21 days after receipt of that material, and that Google may provide any supplemental rebuttal reports within 21 days thereafter.  Network-1 will then submit any supplemental material regarding Google's pending summary judgment motion within 7 days after completion of those reports and Google may provide any response within 7 days thereafter.  While Google is correct that the parties agreed to work cooperatively to arrive at such a schedule, Network-1 has been seeking to get Google's supplemental financial information for nearly a year without success, suggesting that assistance from the Court is now needed.

      Google's Position

      The stipulated supplemental discovery authorized by Judge Netburn involves issues in the case that are not the subject of either party's motion for summary judgment, and the supplemental discovery therefore has no impact on those pending motions.  As Google stated in a letter to the Court dated April 7, 2021, "[t]he new evidence does not affect the pending summary judgment motions."  *See* 1:14-cv-2396, Dkt. 249, at 3-4.  Network-1 confirmed the same to Judge Netburn at a hearing on April 22, 2021: "You had also asked about the effect on the summary judgment briefing that's currently outstanding with the Court.  It's Network-1's view that this evidence does not affect that briefing."  *See* 1:14-cv-2396, Dkt. 253, at 7:12-15.

      Google denies that it has ever infringed any claim of Network-1's patents.  Google also has explained that even if Network-1's patents were valid and infringed (and they are neither), the patents have relatively little value, because it would have been simple to design around them by moving relevant functionality outside the United States.  In January 2021, Google did just that, removing any argument regarding ongoing infringement and demonstrating the relative ease and minimal cost of designing around

---

[1] Google inserts a number of arguments about the merits that are neither correct, nor germaine to this submission.  Network-1 will not address them here, but reiterates its request that the Court conduct an oral hearing on the parties' cross-motions for summary judgment.



Hon. Paul G. Gardephe
July 7, 2022
Page 3

the patents. *See* 1:14-cv-2396, Dkt. 249, at 3-4. The parties then engaged in targeted supplemental discovery relating to the relocation.

Neither the supplemental discovery nor the relocation of portions of Google's accused system is relevant to the pending motions for summary judgment. Network-1's summary judgment motion is limited to issues involving patent invalidity. Google's motion likewise addresses patent invalidity, as well as certain bases on which Google's systems do not infringe Network-1's patents. Critically, the non-infringement issues in Google's motion involve the alleged infringement of Google's systems prior to their relocation abroad in 2021.

Until the parties filed this joint letter, they agreed that the relocation-related supplemental discovery would not affect the pending motions for summary judgment. As noted above, both Google and Network-1 informed the Court in April 2021 that (in Network-1's words) "this evidence does not affect" the summary judgment briefing. In granting the supplemental discovery, the Court likewise assumed it would not affect the parties' summary judgment motions: "Whether or not this evidence would affect the pending motions for summary judgement, nobody has suggested that so I'm assuming that that is true that it does not affect those motions." *See* 1:14-cv-2396, Dkt. 253, at 6:2-5. And the parties' agreement is consistent with the terms of the Court-ordered stipulation regarding supplemental discovery, in which Network-1 reserved the right to file "motions *in limine* and/or *Daubert* motions" but never sought a right to file any supplemental summary-judgment submission. *See* 1:14-cv-2396, Dkt. 256, at ¶ 11.

Because the supplemental discovery has no impact on the parties' summary judgment motions, Google respectfully requests that the Court deny Network-1's request for leave to supplement its summary judgment papers.

Although the Court did not solicit the parties' input on the other issues raised in Network-1's portion of this joint letter, Google offers the following brief response. There is no need for the Court to order a schedule for supplemental expert discovery at this time. Judge Netburn ordered the parties to "work cooperatively in an attempt to reach a mutually agreeable expert discovery schedule." *See* 1:14-cv-2396, Dkt. 256, at ¶ 10. Google is confident the parties can agree on a schedule that is workable for all parties and experts. The Court likewise need not address the issue of updated financial data. As Network-1 acknowledges, Google has already agreed to provide such data to Network-1. Google will do so as soon as possible, and in all events no later than August 5, 2022.



Hon. Paul G. Gardephe
July 7, 2022
Page 4

Dated: July 7, 2022

Respectfully submitted,

| RUSS, AUGUST & KABAT | WILLIAMS & CONNOLLY LLP |
|---|---|
| BY: *s/ Brian D. Ledahl* | BY: *s/ Andrew V. Trask (w/ permission)* |

| | |
|---|---|
| Marc A. Fenster (*pro hac vice*) | Thomas H. L. Selby (*pro hac vice*) |
| Brian D. Ledahl (*pro hac vice*) | Samuel Bryant Davidoff |
| Adam S. Hoffman (*pro hac vice*) | Andrew V. Trask |
| Paul A. Kroeger (*pro hac vice*) | Melissa Collins (*pro hac vice*) |
| Jacob R. Buczko (*pro hac vice*) | Graham W. Safty (*pro hac vice*) |
| Amy E. Hayden (*pro hac vice*) | 680 Maine Ave., SW |
| 12424 Wilshire Blvd. 12th Floor | Washington, DC 20024 |
| Los Angeles, CA 90025 | Phone: (202) 434-5000 |
| Phone: (310) 826-7474 | Fax: (202) 434-5029 |
| Fax: (310) 826-6991 | tselby@wc.com |
| mfenster@raklaw.com | sdavidoff@wc.com |
| bledahl@raklaw.com | atrask@wc.com |
| ahoffman@raklaw.com | mcollins@wc.com |
| pkroeger@raklaw.com | gsafty@wc.com |
| jbuczko@raklaw.com | |
| ahayden@raklaw.com | |
| | For Matters in New York: |
| Charles R. Macedo | WILLIAMS & CONNOLLY LLP |
| AMSTER, ROTHSTEIN & | 650 Fifth Avenue, Suite 1500 |
| EBENSTEIN LLP | New York, NY 10022 |
| 90 Park Avenue | |
| New York, NY 10016 | Kevin Hardy (*pro hac vice*) |
| Phone: (212) 336-8074 | QUINN EMANUEL URQUHART & |
| Fax: (212) 336-8001 | SULLIVAN, LLP |
| cmacedo@arelaw.com | 1300 I Street, NW, Suite 900 |
| | Washington, DC 20005 |
| *Attorneys for Network-1* | Phone: (202) 538-8000 |
| *Technologies, Inc.* | Fax: (202) 538-8100 |
| | kevinhardy@quinnemanuel.com |
| | |
| | *Attorneys for Google LLC and* |
| | *YouTube, LLC* |