

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Brian Ledahl
bledahl@raklaw.com

November 22, 2022

**Via ECF**

Hon. Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re: *Network-1 Technologies, Inc. v. Google LLC, et al.*, **Nos. 1:14-cv-2396-PGG-SN & 1:14-cv-9558-PGG-SN**

Dear Judge Netburn:

Plaintiff Network-1 Technologies, Inc. ("Network-1") writes to respond to the letter motion submitted by Defendants (collectively "Google") requesting a settlement conference.

During the October 6, 2022 discovery hearing with the Court, the parties discussed possible settlement processes with the Court. The Court requested that Network-1 provide Google with a demand, and that Google provide a response, and that the parties have a meaningful discussion (e.g. "a telephone call that lasted more than 10 minutes so that the parties could have a meaningful settlement discussion"). The Court further indicated that "if at that point you think either a private mediation or settlement conference with me would make sense, I'm happy to facilitate in whatever way I can . . . ."

Network-1 provided Google with a demand on October 26. Google has never responded to that demand. Accordingly, the parties have not had any meaningful discussion as the Court directed.

Network-1 has been open to mediation for some time, but Google has consistently failed to engage. Network-1 suggested its view that mediation was appropriate repeatedly over a very long time. In August, 2021, Network-1 proposed specific mediators with extensive expertise in resolving complex patent disputes. One is a retired U.S. Magistrate (Jay Gandhi), the other a mediator with more than forty years of mediation experience (Jonathan Marks). Google never responded to the proposal of private mediation or these mediators until November 18, when it simply indicated that Google does not believe that private mediation is appropriate at this time. Now, Google requests a lengthy settlement conference with the Court without having done any of what the Court asked of Google in the first instance.



Honorable Sarah Netburn
November 22, 2022
Page 2

   Network-1 remains open to mediation, whether with an experienced private mediator, or with a judicial officer.  Network-1 indicated to Google (in connection with the parties' October 28 letter to the Court) that Network-1 did not believe that a mediation with a judge also presiding over issues in the underlying case was likely to be the most productive process for settlement in this case.  Only after learning that did Google suddenly indicate that the only process it was interested in was the one process Network-1 had suggested might be less likely to be productive.

   Despite lobbying for Network-1 to provide a demand, Google has failed to reciprocate with any response despite the Court's direction that it should do so.  Often, defendants in high-value cases like this one are reluctant to engage in serious settlement discussions until the Court has resolved issues pending on summary judgment.  Google's conduct to date suggests that it falls into this category.  If that is Google's position, Network-1 does not want to waste the Court's time or the parties' time with a counter-productive mediation.

   To that end, Network-1 suggests that the more productive course would be for 1) Google to provide a substantive response to Network-1's demand in this case (as per the Court's request), and 2) that the parties conduct a conference with the Court to discuss possible appropriate resolution procedures and whether assignment to a particular settlement procedure (including private mediation, mediation with a judicial officer not presiding over substantive issues in this case, or some other procedure) at this time would be productive.

   Respectfully submitted,

   Russ, August & Kabat

   /s/ Brian D. Ledahl

   Brian D. Ledahl

   Counsel for Plaintiff Network-1 Technologies, Inc.