

12424 WILSHIRE BOULEVARD

SUITE 1200

LOS ANGELES CALIFORNIA 90025

TELEPHONE 310.826.7474

FACSIMILE 310.826.6991

March 14, 2023

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *Network-1 Technologies, Inc. v. Google, Inc., et al.*, Case No. 1:14-cv-02396-PGG; *Network-1 Technologies, Inc. v. Google, Inc.,* Case No. 1:14-cv-09558-PGG

Dear Judge Gardephe:

We write on behalf of Plaintiff, Network-1 Technologies, Inc. ("Network-1") in these two related actions **to request a scheduling conference at the Court's earliest convenience to set a firm schedule for resolution of the remaining motions and trial**. These cases have been pending for nearly nine years without the setting of a trial date, and the pending motions have been pending for between 5 and 27 months without action by the Court.

Background

These cases were both filed in 2014. The first (the 2396 Case) was filed on April 8, 2014. The second, related case, was filed December 3, 2014. In July 2015, after significant fact discovery had been completed, these actions were stayed pending the final written decisions in IPR proceedings involving the patents-in-suit in the 2396 case and a CBM proceeding involving the patent-in-suit in the 9558 case. Dkt. # 85.[1] After the IPR and CBM proceedings concluded with Final Written Decisions upholding all asserted claims, defendants sought further stay pending their appeal of these decisions. Network-1 opposed such a further stay. The Court granted an extension of the stay on November 17, 2016. Dkt. # 116. The Federal Circuit affirmed the decision as to all claims in the CBM proceeding addressing the patent at issue in the 9558 case on January 23, 2018. The Federal Circuit issued its

---

[1] Unless otherwise noted, all docket number references are to the 2396 case.



Hon. Paul G. Gardephe
March 14, 2023
Page 2

ruling in the appeals involving the IPR proceedings for the patents at issue in the 2396 case on March 26, 2018.

On January 24, 2019, after these actions were stayed for three and one-half years, the Court conducted a status conference and formally lifted the stay. The parties proceeded with remaining fact discovery and claim construction briefing. The claim construction briefing was completed on August 9, 2019, with a claim construction hearing initially scheduled for August 26, 2019. The Court subsequently adjourned that hearing first to October 25, 2019 (Dkt. # 165) and then to November 21, 2019 (Dkt. # 185). The Court conducted a claim construction hearing on November 21, 2019 and received supplemental letters regarding issues raised by the Court on November 26 and 27, 2019. The Court indicated during the claim construction hearing that it intended to schedule some further hearing date to address some issues that were not covered during the November 21 hearing. To date, the Court has issued no rulings on claim construction and has not set a further date for any further claim construction hearing.

Fact discovery in these cases was already completed by the time of the claim construction hearing. The parties exchanged opening expert reports on December 20, 2019 and rebuttal expert reports on February 14, 2020. Pursuant to a stipulation, the Court set April 24, 2020 as the date for completion of expert depositions. Dkt. # 209. Because of the global pandemic, the parties ultimately stipulated to adjust the timing for completion of expert depositions to July 31, 2020, which was accepted by the Court. Dkt. # 213. All expert depositions were completed by July 31, 2020.

On June 29, 2020, the Court indicated that it would decide claim construction issues concurrently with summary judgment issues, and directed the parties to submit a briefing schedule for summary judgment. Dkt. # 219. Summary judgment briefing was completed and submitted to the Court by November 12, 2020. Both parties requested oral hearing on the parties' respective summary judgment motions on November 19, 2020. On February 17, 2021, pursuant to this Court's Individual Rules of Practice, Network-1 submitted a letter informing the Court that the parties' motions for summary judgment had been fully submitted for more than ninety days. Dkt. # 246.

Later in February, 2021, Google purported to serve new supplemental responses to its contention interrogatory responses, asserting that it wished to rely



Hon. Paul G. Gardephe
March 14, 2023
Page 3

on some new evidence and arguments that were not disclosed during fact or expert discovery. Network-1 objected and after attempts to confer regarding these issues, the parties submitted a joint discovery letter on these issues. Dkt. # 248. These issues were referred to the Magistrate Judge who directed that the parties should conduct discovery regarding Google's new arguments. The parties stipulated that such discovery, including depositions of various Google witnesses would be completed by July 15, 2021. Due to various scheduling delays for Google witnesses, however, the depositions were not completed until November 18, 2021.

Following completion of this additional discovery, the parties submitted a letter to the Court regarding supplemental expert reports, and the possible impact of such supplemental reports on the pending motions for summary judgment. Dkt. # 265. The Court set a schedule for such supplemental reports and for supplemental briefing on Google's pending motion for summary judgment to be completed by September 30, 2022. Dkt. # 266. The parties completed the supplemental briefing by September 30. On January 6, 2023, pursuant to the Court's Individual Rules of Practice, the parties jointly notified the Court that all summary judgment briefing was fully submitted for more than ninety days. Dkt. # 293.

After the parties completed supplemental expert reports, Google sought to exclude a portion of Network-1's supplemental report. This Court referred the issue to the Magistrate Judge, who granted Google's request. Dkt. # 283. Network-1 timely objected to that order on October 31, 2022. Dkt. # 285. Briefing on Network-1's objection was completed on November 18, 2022. To date the Court has issued no ruling on Network-1's objection.

Network-1's Position

Network-1 respectfully requests a conference with the Court, either telephonic or in-person, to set a firm schedule for the remainder of this case, including for resolution of the pending motions for summary judgment, and for pretrial and trial proceedings. As noted at the outset, these cases have been pending for nearly nine years without setting a timetable for trial. Network-1's motion for summary judgment has been fully submitted for more than twenty-seven months without resolution. Google's motion for summary judgment has also been pending for more than twenty-seven months, though the parties provided supplemental briefing addressing one particular aspect of that motion more recently, even with the supplemental briefing, the motion has been pending for more than five months.



Network-1 is happy to discuss with the Court any approaches that might lead to timely resolution, but remains concerned with the long pendency of these issues. Network-1 is a publicly-traded company with significant rights at stake in this lawsuit. The damages claimed in this case exceed $300 million. Network-1 seeks to have its claims timely adjudicated by a jury and respectfully requests that the Court's set a scheduling conference to set firm deadlines to facilitate such a trial on the merits.

Sincerely,

Russ, August & Kabat

/s/ *Marc A. Fenster*

Marc A. Fenster


cc: Bruce R. Genderson (via ECF)