LAW OFFICES
# WILLIAMS & CONNOLLY LLP

ANDREW V. TRASK
(202) 434-5023
atrask@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 30, 2022

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court, Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:    <u>*Network-1 Technologies, Inc. v. Google LLC, et al.*, **Nos. 1:14-cv-2396-PGG-SN & 1:14-cv-9558-PGG-SN (S.D.N.Y.)**</u>

Dear Judge Gardephe:

      I write on behalf of Defendants Google LLC and YouTube, LLC (collectively, "Google") to request leave to file under seal Google's Response to Plaintiff's Supplemental Brief Regarding Google's Motion for Summary Judgment. Google is not seeking to seal the brief in its entirety; rather, it has applied targeted redactions to particular passages containing commercially sensitive information that it submits ought to remain confidential notwithstanding the "presumption of access" applicable to the filing. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see id.* at 120 (explaining that a court should "balance competing considerations" when determining whether sealing is warranted, including "the privacy interests of those resisting disclosure"). In accordance with Rule II.B of the Court's Individual Rules, Google will publicly file the brief with the proposed redactions and file under seal a copy of the unredacted document with the redactions highlighted.

      The redacted portions of the supplemental brief describe particular details relating to techniques for structuring or searching data that Google keeps confidential in order to preserve its competitive standing. In particular, the redacted passages contain descriptions by fact or expert witnesses of proprietary algorithms or parameters used by Google in its Content ID system that could not be ascertained without access to Google's confidential source code or other documentation that Google regards as commercially sensitive. This kind of confidential "technical information" has been sealed under analogous circumstances because public disclosure "could allow competitors an unfair advantage, and would thus be highly prejudicial." *Kewazinga Corp. v. Microsoft Corp.*, 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting a request in a patent infringement litigation to seal certain "confidential and proprietary data collection procedures, image processing procedures, specific hardware used to perform these procedures, and confidential details about … specific algorithms and the names of specific variables and functions in [the defendant's] source code").

September 30, 2022
Page 2

      Google's Content ID system is the product of extensive research and development efforts by teams of Google computer scientists and software engineers, and Google respectfully submits that it is appropriate to redact descriptions of particular design choices or technical implementations relating to the system. Releasing these kinds of confidential details could allow competitors, copyright infringers, or others to benefit unfairly from Google's substantial investments in its proprietary methods for determining instances of reuse of video, audio, and melody content. The proposed redactions are therefore necessary to avoid competitive harm. *See, e.g.*, *Nixon v. Warner Commncn's, Inc.*, 435 U.S. 589, 598 (1978) (observing that "the right to inspect and copy judicial records is not absolute" and noting approvingly that courts have sealed "business information that might harm a litigant's competitive standing"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions to "judicial documents" that were "generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

      Google's proposed redactions are directed to details regarding Google's Content ID system that are confidential and commercially sensitive, and the parties' legal theories and arguments will remain publicly accessible. This targeted approach is consistent with the balance that courts must strike in determining which materials merit sealing, including with respect to summary judgment briefing in patent infringement cases. *See, e.g.*, *Kewazinga*, 2021 WL 1222122, at *7 (describing "the countervailing privacy concerns [that] outweigh the public's need for public access" to a party's "confidential technical information" submitted with a summary judgment motion); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Org.*, No. 2:17-cv-503-HCM, 2020 WL 973751, at *15–16 (E.D. Va. Feb. 7, 2020) (approving redactions to "confidential commercial information" in materials submitted with motions for summary judgment because, among other things, "the parties have filed detailed public versions, which do not seek to completely seal their briefing, outlining in detail the legal and factual issues raised by the motions").

      For the foregoing reasons, Google respectfully requests leave to file a redacted version of its Response to Plaintiff's Supplemental Brief Regarding Google's Motion for Summary Judgment.

                                            Sincerely,

                                            /s/ Andrew V. Trask

                                            Andrew V. Trask

**MEMO ENDORSED:** The application is granted. The Clerk of Court is directed to terminate the motions pending at Dkt. No. 277 in 14 Civ. 2396 and Dkt. No. 213 in 14 Civ. 9558.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
 Date:  September 21, 2023