UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NETWORK-1 TECHNOLOGIES, INC.,

Plaintiff,

- against -

GOOGLE, INC., and YOUTUBE, LLC,

Defendants.

**ORDER**

14 Civ. 2396 (PGG)
14 Civ. 9558 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Trial in this case is adjourned from August 11, 2026, to **December 7, 2026, at 9:30 a.m.**, in Courtroom 705 of the United States Courthouse, 40 Foley Square, New York, New York. The joint pretrial order, motions in limine, requested voir dire, and requests to charge are due on **November 6, 2026**. Responsive papers are due on **November 13, 2026**.

The Court addresses below the parties' remaining anticipated motion practice.

## I.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On April 26, 2024, this Court issued a Memorandum Opinion and Order (Dkt. No. 308)[1] granting Defendants' motion for summary judgment (Dkt. No. 223) and denying Plaintiff's cross-motion for summary judgment (Dkt. No. 233). Plaintiff appealed this Court's decision. (Dkt. No. 313) On April 23, 2026, the Federal Circuit issued a decision affirming in part and vacating in part, and remanding the case for further proceedings. Network-1 Techs., Inc. v. Google LLC, 2024-1893, 2024-1948, 2026 WL 1098461 (Fed. Cir. Apr. 23, 2026). (Mandate (Dkt. No. 314) at 2)

---

[1] All citations refer to the docket in 14 Civ. 2396.

Plaintiff contends that – given the Federal Circuit's decision – "Plaintiff Network-1's motion for summary judgment (Dkt. #233) . . . now require[s] a decision by the Court on the merits." (Pltf. July 3, 2026 Ltr. (Dkt. No. 324) at 1) Plaintiff argues that "the only proper reason for the Court to have [denied Plaintiff's motion for summary judgment] without further explanation, was the conclusion that the motion was moot in light of the Court's other rulings." (Id.) Defendants respond that the Court denied Plaintiff's motion for summary judgment on the merits, and that "Plaintiff is not entitled to a 'second bite at the apple.'" (Def. July 9, 2026 Ltr. (Dkt. No. 327) at 3 (quoting Robinson v. Henschel, Case No. 10-cv-6212-PGG, 2014 WL 1257287, at *9-10 (S.D.N.Y. March 26, 2014)).

Having granted Defendants' motion for summary judgment, the Court denied as moot Plaintiff's cross-motion for summary judgment. (See Mem. Op. & Order (Dkt. No. 308) at 77) Given the Federal Circuit's decision reversing this Court's grant of summary judgment with respect to the '237 Patent, see Network-1 Techs., Inc. v. Google LLC, 2024-1893, 2024-1948, 2026 WL 1098461, at *7 (Fed. Cir. Apr. 23, 2026), it is appropriate for this Court to address Plaintiff's cross-motion for summary judgment with respect to the '237 Patent in light of the Federal Circuit's decision.[2]

The parties will file briefs addressing Plaintiff's motion for summary judgment as it relates to validity of the asserted claims of the '237 patent according to the following schedule:

1. Plaintiff's brief is due on **August 7, 2026**;

---

[2] In a July 3, 2026 letter, Plaintiff states that its "objection to the ruling of the Magistrate Judge regarding certain opinions from Network-1's expert (Dkt. # 285) . . . [also] require[s] a decision by the Court on the merits." (Pltf. July 3, 2026 Ltr. (Dkt. No. 324) at 1) Defendants agree that Plaintiff's objection "is ripe for review and requires no further briefing." (Def. July 9, 2026 Ltr. (Dkt. No. 327) at 1) Accordingly, the Court will address Plaintiff's objection without further briefing from the parties.

2.  Defendant's opposition brief is due on **August 21, 2026**; and

3.  Plaintiff's reply brief is due **August 28, 2026**.

## II.     DEFENDANTS' REQUEST TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

In a July 9, 2026 letter, Defendants seek permission to file a second motion for summary judgment on the ground that "the sole remaining patent on remand is invalid under 35 U.S.C. § 101."  (Def. July 9, 2026 Ltr. (Dkt. No. 327) at 2)  Plaintiff objects, arguing that "Google's request is untimely, contrary to the scheduling orders the parties themselves proposed, and unsupported by any good cause – let alone the good cause required to reopen dispositive-motion practice nearly six years late."  (Pltf. July 13, 2026 Ltr. (Dkt. No. 329) at 1)

"[S]uccessive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion."  Brown v. City of Syracuse, 673 F.3d 141, 147 n.2 (2d Cir. 2012) (citing Kovacevich v. Kent State Univ., 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.")); see also Wechsler v. Hunt Health Sys., Ltd., 198 F.Supp.2d 508, 514 (S.D.N.Y. 2002) ("A party may renew its motion for summary judgment as long as it is supported by new material.").

In their original motion for summary judgment, Defendants did not argue that the '237 Patent is patent-ineligible under Section 101.  (See Def. Sum. J. Br. (Dkt. No. 224)) Defendants nonetheless contend that a second motion for summary judgment on this point is "appropriate and important – particularly in light of the Federal Circuit's recent guidance in Ollnova Techs. Ltd. v. ecobee Techs. ULC, 177 F.4th 1343, 1356-66 & n.7 (Fed. Cir. 2026)."

3

(Def. July 9, 2026 Ltr. (Dkt. No. 327) at 2)  Ollnova does not provide a basis for a second summary judgment motion, however.

"Section 101 of the Patent Act defines the subject matter eligible for patent protection."  Alice Corp. v. CLS Bank Int'l, 573 U.S. 208 (2014).  Pursuant to Section 101,

> [w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. § 101.  The Supreme Court has "'long held that this provision contains an important implicit exception:  Laws of nature, natural phenomena, and abstract ideas are not patentable.'"  Alice, 573 U.S. at 216 (quoting Ass'n for Molecular Pathology v. Myriad Genetics, Inc., 569 U.S. 576 (2013) (internal quotation marks and brackets omitted)).

The determination of whether a claim is patent-ineligible under Section 101 is subject to a two-step inquiry.  A court "must [first] determine whether the claims at issue are directed to a patent-ineligible concept."  Id. at 218.  The court then "must examine the elements of the claim to determine whether it contains an '"inventive concept"' sufficient to 'transform' the claimed abstract idea into a patent-eligible application."  Id. at 221 (quoting Mayo Collaborative Services v. Prometheus Laboratories, Inc., 566 U.S. 66, 72-73, 79 (2012)) (further citations omitted in Alice).

Ollnova does not mark a change in the patent-eligible analysis.  In that case, the Federal Circuit concluded that the district court had not properly instructed the jury in accordance with the Supreme Court's holding in Alice.  Prior to trial, "the district court held at [Alice] step one that the [relevant] patent's claims were directed to [an] abstract idea."  Ollnova, 177 F.4th at 1356.  At trial, however,

4

> [t]he [jury] instruction and [verdict] form did not inform the jury that the claims were directed to an abstract idea nor instruct the jury that the abstract idea itself could not supply the inventive concept under <u>Alice</u> step two.

<u>Id.</u> at 1352-53.

The Federal Circuit found that the district court's jury instructions were "inconsistent with this Court's precedent," because "the district court's instruction failed to identify the abstract idea, effectively permitting the jury to treat the abstract idea itself as supplying the inventive concept." <u>Id.</u> at 1357.  The Federal Circuit further concluded that the error was not harmless:

> Because the jury was not informed of the abstract idea, it could not evaluate whether the asserted claims were well-understood, routine, and conventional in light of the abstract idea identified at step one, and we cannot determine whether the jury relied on that abstract idea to supply the inventive concept in reaching its verdict.

<u>Id.</u> at 1358.

<u>Ollnova</u> is not a departure from <u>Alice</u> and its progeny.  The case instead reiterates the Supreme Court's holding in <u>Alice</u>, while confirming that

> district judges always retain discretion to determine the abstract idea before proceeding to step 2, and doing so sometime before trial can avoid the possibility that an after-trial resolution of step 1 would identify a different abstract idea than reflected in the jury charge, requiring a new trial.

<u>Id.</u> at 1357 n.7.  Because <u>Ollnova</u> does not represent a change in controlling law, the case does not justify a second summary judgment motion.[3]

---

[3] Defendants' remaining arguments are likewise unpersuasive.  While Defendants contend that – in the years since Defendants petitioned the U.S. Patent and Trademark Office to institute <u>inter partes</u> review of the '237 Patent in 2015 – "the Federal Circuit repeatedly has affirmed the invalidity of patents like the '237 patent" (Def. July 9, 2026 Ltr. (Dkt. No. 327) at 3 (citing <u>Berkheimer v. HP Inc.</u>, 881 F.3d 1360 (Fed. Cir. 2018); <u>Intell. Ventures I LLC v. Erie Indem. Co.</u>, 850 F.3d 1315 (Fed. Cir. 2017)), Defendants do not contend that <u>Berkheimer</u> and <u>Intell. Ventures I LLC</u> represent a change in controlling law.

Having chosen not to challenge the patent-eligibility of the '237 Patent under Section 101 in their original motion for summary judgment (see Def. Sum. J. Br. (Dkt. No. 224)), Defendants may not pursue that argument in a second summary judgment motion. There has been no change in the law or the facts that would justify such relief. Accordingly, Defendants' request for permission to file a second summary judgment motion is denied.

## III.    *DAUBERT* MOTIONS

In a July 3, 2026 joint letter, the parties state that they anticipate filing Daubert motions. (See Jt. July 3, 2026 Ltr. (Dkt. No. 323) at 1-2) By **August 3, 2026**, the parties will submit a joint letter summarizing the bases for the respective Daubert motions that they intend to bring.

Dated: New York, New York
       July 24, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge

---

And while Defendants argue that "crucially for purposes of the Section 101 analysis, the inventor of the '237 patent has since conceded under oath in this case that his invention involves only well-known technology functioning in a conventional way" (Def. July 9, 2026 Ltr. (Dkt. No. 327) at 3), the inventor's alleged concession does not change the fact that Defendants could have raised a Section 101 challenge in their first motion for summary judgment. See Brown, 673 F.3d at 147 n.2.