LAW OFFICES
WILLIAMS & CONNOLLY LLP®

ANDREW V. TRASK
(202) 434-5023
atrask@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 22, 2026

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court, Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

**Re: *Network-1 Technologies, Inc. v. Google LLC, et al.*, No. 1:14-cv-2396-PGG-SN**

Dear Judge Gardephe:

I write on behalf of the parties to request guidance concerning certain matters in light of the jury trial for this matter, scheduled to begin on December 7, 2026.

*First*, the parties request guidance with respect to Paragraph X.B.3 of the Court's Rules of Practice for Civil Cases, which provides that each party must "file one set of the party's documentary exhibits" together with the proposed joint pretrial order. Through the pretrial exchange process, the parties have identified proposed exhibits that contain confidential technical and financial information of the parties, as well as confidential commercial information of multiple third parties. Accordingly, were the parties to file these exhibits on the docket, the parties anticipate the need to request sealing certain of these documents.

The parties understand that in a recent case before the Court, *Precision Medicine Group v. Blue Matter, LLC*, 1:20-cv-02974-PGG-SLC, when presented with a similar request concerning the sealing of proposed trial exhibits, the Court indicated that it is not the Court's practice to docket all exhibits, even when received into evidence. No. 20-cv-02974-PGG-SLC, Dkt. 313 (Ex. A). ("In the ordinary course I would not expect trial exhibits to be put on the public docket and so as a practical matter, absent some request, the trial exhibits would not be available online. . . . [I]t's not my practice to docket every exhibit that's received in evidence."). The Court thus permitted the parties in that case to strike their proposed sealed exhibits from the docket, and not file them on the docket prior to trial. *Id.*

The parties thus request that—rather than filing their proposed exhibits on the docket—the Court permit the parties to submit their proposed exhibits on a thumb drive, which will be provided

to the Court on the date that the parties submit their proposed joint pretrial order, November 6. To the extent that any exhibits containing the parties' confidential information are used during trial or submitted to the jury, the parties will address the sealing of those exhibits on an individual basis, as necessary, during trial.

*Second*, the parties request that the Court schedule a date for the pretrial conference. Subject to the Court's availability, the parties propose scheduling the pretrial conference for Monday, November 23, or Tuesday, November 24, 2026.

The parties sincerely appreciate the Court's consideration of their requests. The parties remain available to discuss at the Court's convenience.

Dated: October 22, 2026

*/s/ Marc A. Fenster*
Marc A. Fenster (*pro hac vice*)
Brian D. Ledahl (*pro hac vice*)
Adam S. Hoffman (*pro hac vice*)
Paul A. Kroeger (*pro hac vice*)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com

Charles R. Macedo
AMSTER, ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
cmacedo@arelaw.com

*Attorneys for Network-1 Technologies, Inc.*

*/s/ Andrew V. Trask*
Andrew V. Trask
Edward Bennett (*pro hac vice*)
Melissa Collins (*pro hac vice*)
Graham W. Safty (*pro hac vice*)
Andrew Hoffman (*pro hac vice*)
Kathryn Larkin (*pro hac vice*)
Philip Haunschild (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 434-5000
Fax: (202) 434-5029
atrask@wc.com
ebennett@wc.com
mcollins@wc.com
gsafty@wc.com
ahoffman@wc.com
klarkin@wc.com
phaunschild@wc.com

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10022

Kevin Hardy (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900

Washington, DC 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinhardy@quinnemanuel.com

Vincent Y. Ling (*pro hac vice*)
Matthew G. Miyamoto (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
Phone: (213) 683-9573
Fax: (213) 683-5173
vincent.ling@mto.com
matthew.miyamoto@mto.com

Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, D.C. 20001
Phone: (202) 220-1100
Fax: (213) 683-5112
ginger.anders@mto.com

*Attorneys for Google LLC and YouTube, LLC*

# EXHIBIT A

Q34BPRE1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

PRECISION MEDICINE GROUP, LLC, *et al*,

Plaintiffs,

v. 20 Civ. 2974 (PGG)

BLUE MATTER, LLC, *et al*,

Defendants.

Conference

------------------------------x

New York, N.Y.
March 4, 2026
10:00 a.m.

Before:

HON. PAUL G. GARDEPHE,

District Judge

APPEARANCES

SHEPPARD, MULLIN, RICHTER & HAMPTON
Attorneys for Plaintiffs
BY: JONATHAN STOLER
LINDSAY C. STONE
PAUL W. GARRITY

NELSON MULLINS RILEY and SCARBOROUGH
Attorneys for Defendants
BY: PHILLIP STRACH
ALYSSA RIGGINS (via telephone)
CASSIE HOLT (vis telephone)

have tailored their requests to serve the requirements of *Lugosch*.

The parties' submissions also do not acknowledge that it would be quite extraordinary to seal in their entirety exhibits that are received in evidence and about which there will be substantial testimony in open court. I have seen no case law that would justify the blanket type of sealing order that the parties propose for this type of material.

The parties have also not addressed the fact that the vast majority of information for which they seek sealing is stale, given that it concerns a time period between 2016 and 2021. For this material, the most recent documents would be at least five years old, and the parties have not attempted to explain how it is that these documents remain competitively sensitive.

To the extent that certain documents such as the supplemental Britven report contain more recent information, the parties have not attempted to segregate that material in any fashion.

Accordingly, the parties' submissions requesting sealing do not meet the *Lugosch* standard, and they are denied without prejudice.

Any renewed motion to seal must be narrowly tailored in accordance with *Lugosch*. If the parties' propose sealing or redacting specific exhibits, they must sealing requests and

redaction in a format that's practical for the Court to review.

As I've said, in the ordinary course I would not expect trial exhibits to be put on the public docket, and so as a practical matter, absent some request, the trial exhibits would not be available online. Trial exhibits are maintained by the Court and, obviously, would be made available to the Second Circuit in the event of an appeal, but it's not my practice to docket every exhibit that's received in evidence.

So, that's what I have to say about sealing. You're welcome to make some other application if you wish or, I suppose, you're welcome to withdraw the docketing of the exhibits that are currently sealed, but I leave that up to you. But I did want you to know that I take sealing very seriously, particularly in the context of a case that's going to trial and where exhibits will be received in evidence and about which witnesses will testify in open court.

Anything anyone wants to say about sealing?

MR. STOLER: Your Honor, we appreciate the Court's comments. We'll confer internally and decide how we're going to proceed. I just would note for the record that with respect to the Court's reference to documents that are dated from, say, 2016 to 2020, one of our core contentions is that those methodologies and frameworks are indeed quite relevant and in use even today.

THE COURT: Okay. So I'll wait to hear further on