**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

NETWORK-1 TECHNOLOGIES, INC.,

Plaintiff,

- against -

GOOGLE LLC and YOUTUBE, LLC,

Defendants.

---------------------------------------------------------X

14 Civ. 2396 (PGG) (SN)

**[PROPOSED] JOINT PRETRIAL ORDER**

Pursuant to Fed. R. Civ. P. 26(a)(3) and Rule X.A of the Individual Rules of Practice of the Honorable Paul G. Gardephe, Plaintiff Network-1 Technologies, Inc. ("Network-1") and Defendants Google LLC and YouTube, LLC (collectively, "Google") respectfully submit this proposed Joint Pretrial Order.

## I. FULL CAPTION OF THE ACTION

The full caption of the action is set forth above. *Network-1 Technologies, Inc. v. Google LLC and YouTube, LLC*, No. 1:14-cv-02396-PGG-SN (S.D.N.Y.).

## II. TRIAL COUNSEL

### A. Counsel for Plaintiff Network-1 Technologies, Inc.

Marc A. Fenster (*pro hac vice*)
Brian D. Ledahl (*pro hac vice*)
Reza Mirzaie (*pro hac vice)*
Benjamin Wang (*pro hac vice*)
Dale Chang (*pro hac vice*)
Adam S. Hoffman (*pro hac vice*)
Paul A. Kroeger (*pro hac vice*)
Minna Jay (*pro hac vice*)
Jason Weitholter (*pro hac vice*)
Sarah Wang (*pro hac vice*)
Mackenzie Paladino
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025

Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com

Charles R. Macedo
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
cmacedo@arelaw.com

**B. Counsel for Defendants Google LLC and YouTube, LLC**

Edward J. Bennett (*pro hac vice*)
Andrew V. Trask
Melissa Collins (*pro hac vice*)
Graham W. Safty (*pro hac vice*)
Andrew L. Hoffman (*pro hac vice*)
Philip N. Haunschild (*pro hac vice*)
Kathryn Larkin (*pro hac vice*)
Daniel Schneider (*pro hac vice*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 434-5000
ebennett@wc.com
atrask@wc.com
mcollins@wc.com
gsafty@wc.com
ahoffman@wc.com
phaunschild@wc.com
klarkin@wc.com
dschneider@wc.com

For Matters in New York:
Williams & Connolly LLP
650 Fifth Avenue, Suite 1500
New York, NY 10022

Kevin Hardy (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW, Suite 600

Washington, DC 20004
Phone: (202) 538-8000
kevinhardy@quinnemanuel.com

Ginger D. Anders
MUNGER TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Phone: (202) 220-1100
ginger.anders@mto.com

Vincent Y. Ling (*pro hac vice*)
Matthew Miyamoto (*pro hac vice*)
MUNGER TOLLES & OLSON LLP
350 S. Grand Avenue
50th Floor
Los Angeles, CA 90071
Phone: (213) 683-9573
vincent.ling@mto.com
matthew.miyamoto@mto.com

## III. BASIS FOR SUBJECT MATTER JURISDICTION

### A. Plaintiff's Statement

This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over Network-1's claims pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States, and 28 U.S.C. § 1338(a), because the action arises under an Act of Congress relating to patents. Because jurisdiction rests on a federal question, the citizenship of the parties and the amount in controversy are not jurisdictional prerequisites and are not relied upon.

### B. Defendants' Statement

Defendants do not contest subject matter jurisdiction for this action.

## IV. CLAIMS AND DEFENSES REMAINING TO BE TRIED

### A. Plaintiff's Claims to Be Tried

Plaintiff's claims of infringement of claims 33, 34, and 35 of U.S. Patent No. 8,205,237 remain to be tried.

### B. Plaintiff's Claims Previously Asserted That Are Not To Be Tried

Plaintiff's claims of infringement U.S. Patent Nos. 8,010,988, 8,640,179, and 8,656,441 are no longer at issue. Plaintiff also no longer seeks a finding of willful infringement for any asserted patent.

### C. Defendants' Defenses To Be Tried

(a) Non-infringement of U.S. Patent No. 8,205,237 by the Siberia version of YouTube's Content ID system literally or under the doctrine of equivalents[1];

(b) Invalidity of U.S. Patent No. 8,205,237 as claiming ineligible subject matter under 35 U.S.C. § 101;

(c) Invalidity of U.S. Patent No. 8,205,237 as obvious under 35 U.S.C. § 103 over:

   (i) the Clango audio identification system by Audible Magic (qualifying as prior art under 35 U.S.C. § 102(a) and/or 102(g)(2)) alone and/or in combination with U.S. Patent 7,444,353 ("Chen"); and/or

   (ii) the FreeAmp audio identification system by Relatable and MusicBrainz (qualifying as prior art under 35 U.S.C. § 102(a) and/or 102(g)(2)) alone and/or in combination with Chen and/or the 1998 prior art publication

[1] As indicated in Defendants' concurrently filed *Daubert* motion, the Court should exclude Dr. Mitzenmacher's doctrine of equivalents opinions, and YouTube includes this doctrine-of-equivalents defense only to the extent that Network-1 is allowed to present doctrine of equivalents arguments or evidence.

written by Sunil Arya entitled "An Optimal Algorithm for Approximate Nearest Neighbor Searching in Fixed Dimensions" ("Arya").

**D. Defendants' Defenses Previously Asserted That Are Not To Be Tried**

(a) Non-infringement of U.S. Patent No. 8,010,988 by the LSH version or the Siberia version of YouTube's Content ID system;

(b) Invalidity of U.S. Patent No. 8,010,988;

(c) Non-infringement of U.S. Patent No. 8,640,179 by the LSH version or the Siberia version of YouTube's Content ID system;

(d) Invalidity of U.S. Patent No. 8,640,179;

(e) Non-infringement of U.S. Patent No. 8,656,441 by the LSH version or the Siberia version of YouTube's Content ID system;

(f) Invalidity of U.S. Patent No. 8,656,441;

(g) Non-infringement of U.S. Patent No. 8,904,464 by the LSH version or the Siberia version of YouTube's Content ID system;

(h) Invalidity of U.S. Patent No. 8,904,464;

(i) Non-infringement of U.S. Patent No. 8,205,237 by the LSH version of YouTube's Content ID system;

(j) Invalidity of U.S. Patent No. 8,205,237 as anticipated under 35 U.S.C. § 102;

(k) Invalidity of U.S. Patent No. 8,205,237 for failure to comply with the requirements of 35 U.S.C. § 112, due to lack of written description, lack of enablement, or indefiniteness; and

(l) Prosecution history estoppel.

## V. DAMAGES

### A. Plaintiff's Statement

Plaintiff claims damages under 35 U.S.C. Section 284 in an amount no less than a reasonable royalty for each act of infringement. The calculation of that reasonable royalty, disclosed in the Second Supplemental Report of Jeffrey H. Kinrich, dated August 24, 2026, is at least $224.6 million. Should the jury find infringement, Plaintiff will also seek pre- and post-judgment interest on any award, and attorney fees and costs under 35 U.S.C. Section 285, the FRCP and the Court's inherent authority.

### B. Defendants' Statement

Defendants assert that Plaintiff is not entitled to any damages because Defendants do not infringe the asserted claims, because the asserted claims are invalid, and because Plaintiff fails to proffer any admissible evidence supporting its claimed damages, as described in the accompanying motion to exclude the opinions of Plaintiff's damages expert, Mr. Kinrich, and motions *in limine.* If Plaintiff were entitled to damages, such damages would amount to no more than $593,967, Google's expected cost of implementing the non-infringing alternative of running the matching portion of the Siberia version of Content ID on servers outside the United States, as described in the Second Supplemental Expert Rebuttal Report of Dr. Gregory K. Leonard, dated October 9, 2026. Defendants reserve the right to challenge or oppose any interest, fees, or costs Plaintiff seeks.

## VI. JURY OR NON-JURY TRIAL; NUMBER OF TRIAL DAYS

### A. Plaintiff's Statement

Plaintiff has requested a jury trial. Plaintiff believes trial should last approximately 12 hours per side exclusive of time for voir dire, opening and closing. Plaintiff estimates trial will last six (6) days.

### B. Defendants' Statement

The case is to be tried to a jury, with the exception of the question of invalidity of U.S. Patent No. 8,205,237 as claiming ineligible subject matter under 35 U.S.C. § 101, which is ultimately a question of law for the Court to resolve. The jury portion of the trial is estimated to take six (6) trial days.

## VII. CONSENT TO TRIAL BY MAGISTRATE JUDGE

Neither party has consented to trial by a Magistrate Judge.

## VIII. STIPULATIONS AND AGREED STATEMENTS OF FACT OR LAW

### A. Proposed Stipulations of Fact or Law

1. U.S. Patent No. 8,205,237 ("'237 Patent"), entitled "Identifying Works, Using A Sub-Linear Time Search, Such As An Approximate Nearest Neighbor Search, For Initiating A Work-Based Action, Such As An Action On The Internet" was issued by the United States Patent and Trademark Office on June 19, 2012.

2. The '237 patent is expired.

3. The '237 patent claims priority to a Provisional Application No. 60/232,618, which was filed with the United States Patent and Trademark Office September 14, 2000.

4. Plaintiff Network-1 Technologies, Inc. ("Network-1") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 445 Park Avenue, Suite 1020, New York, NY 10022.

5. Defendants Google LLC and YouTube, LLC are limited liability companies organized and existing under the laws of Delaware, with a place of business at 111 8th Avenue, New York, NY 10011.

6. The product accused by Plaintiff of infringement in this case is the Siberia version of YouTube's Content ID system.

7. The '237 patent is assigned to and owned by Network-1.

8. The inventor named on the '237 patent is Ingemar J. Cox.

**B. Proposed Motion *in Limine* Stipulations**

The parties stipulate and agree to the following limitations on evidence, testimony, and argument presented to the jury:

1. The parties shall be precluded from introducing argument, evidence, or testimony regarding willfulness.

2. The parties shall be precluded from introducing argument, evidence, or testimony regarding agreements other than those listed below:

   a. Apple;
   b. MPEG LA;
   c. Iceberg Industries;
   d. Audible Magic;
   e. Cox/Network-1; and
   f. Google content hosting services agreements and content identification and management agreements.

3. The parties shall be precluded from introducing argument, evidence, or testimony regarding the wealth, overall revenue, valuation, or overall profit of any party.

4. The parties shall be precluded from introducing argument, evidence, or testimony regarding Google's or YouTube's total advertising revenue, provided the parties may reference the total Content ID revenue addressed in the parties' expert reports.

5. The parties shall be precluded from introducing argument, evidence, or testimony comparing a proposed royalty to global Content ID revenue.

6. The parties' damages experts shall be precluded from opining on the ultimate issues of validity and infringement or offering their own interpretation, characterization, or commentary on case law, statutes, or other legal authority. This agreement does not prevent the parties' damages experts from identifying the legal framework the experts applied, such as 35 U.S.C. § 284, the *Georgia-Pacific* factors, or the hypothetical negotiation construct; stating the legal standards or assumptions the experts relied on, including any provided by counsel or the Court; or applying those standards to the facts and explaining how they shaped the experts' opinions.

7. The parties shall be precluded from introducing argument, evidence, or testimony from expert witnesses not disclosed in their written expert reports.

8. The parties shall be precluded from introducing argument, evidence, or testimony regarding motion practice, prior court rulings (other than the claim constructions adopted by the Court), discovery motions, discovery conduct, discovery disputes, the appeal in this matter, any rulings in that appeal, pretrial proceedings or issues, or dropped claims or defenses. This agreement does not preclude the parties from using prior testimony to impeach, nor does it preclude the parties from introducing argument or testimony that the LSH system did not infringe the '237 patent. Issues concerning the LSH system are the subject of other briefing presently before the Court, and which is not being addressed by this stipulation.

9. The parties shall be precluded from introducing argument, evidence, or testimony regarding Google's or YouTube's prior knowledge of Network-1's patents or reference to Network-1's patents in any Google patent or patent application.

10. The parties shall be precluded from introducing argument, evidence, or testimony regarding redactions, including what may be behind redactions or the significance of any redactions.

11. The parties shall be precluded from introducing argument, evidence, or testimony regarding:

a. Legal proceedings involving any of the parties or their principals except for the action currently pending before this Court;
b. Any governmental investigations of the parties, including any investigation carried out by foreign governments;
c. The existence or outcome of any previous U.S. or foreign legal proceedings involving the parties;
d. Any previous verdicts and/or damages awards against the parties; and
e. Any litigation settlement agreements entered into by the parties, except for those specific settlement-related license agreements relied on by the parties' experts.

12. The parties shall be precluded from introducing argument, evidence, or testimony regarding:

a. Any statements that a party in this action is a "monopoly" or "monopolist";
b. Reference to any person or entity as "corrupt," "evil," or "dishonest," or using any other pejorative term; and
c. Characterization of any person's or entity's actions as "stealing," "copying," "misappropriating," "pirating," or any similar term. This agreement does not preclude the parties from referring to a person's or entity's actions as "trespassing."

13. The parties shall be precluded from introducing argument, evidence, or testimony that the opposing party failed to call a particular witness and from speculating about the testimony of a

particular witness that will not be called. This agreement shall not preclude the parties from commenting on the lack of evidence or witnesses to support a fact or issue generally.

14. The parties shall be precluded from introducing argument, evidence, or testimony referring directly or indirectly to each other's claim construction positions or any portions of the Court's opinion, other than the actual definitions adopted by the Court.

15. The parties shall be precluded from introducing argument, evidence, or testimony regarding the role or presence of jury consultants.

16. The parties shall be precluded from introducing argument, evidence, or testimony suggesting that there is anything legally improper in filing a patent application or writing patent claims to cover an adverse party's product.

17. The parties shall be precluded from introducing argument, evidence, or testimony referring to any other person or entity in disparaging ways, such as "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "patent assertion entity," or any similar term. The parties may introduce argument, evidence, or testimony concerning Network-1's business, including referring to Network-1 as a non-practicing entity that acquires and asserts patents, and explaining that Network-1 does not design, manufacture, sell, or commercialize any product.

18. The parties shall be precluded from introducing argument, evidence, or testimony regarding funding of the litigation or any comment on attorney-fee compensation, including amounts or structure.

19. The parties shall be precluded from introducing argument, evidence, or testimony regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.

20. The parties shall be precluded from introducing argument, evidence, or testimony suggesting that a verdict in one party's favor would impact the cost of goods or services or have other commercial impacts.

21. The parties shall be precluded from introducing argument, evidence, or testimony regarding prior decisions of the Court or the Federal Circuit in this or any related case, other than the Court's claim constructions. This agreement does not preclude the parties from introducing argument or testimony that the LSH system did not infringe the '237 patent. Issues concerning the LSH system are the subject of other briefing presently before the Court, and which is not being addressed by this stipulation.

## IX. WITNESSES

### A. Plaintiff's Witnesses

Plaintiff will present the testimony of the following witnesses in its case-in-chief:

1. Ingemar Cox – Live
2. Corey Horowitz – Live
3. Michael Mitzenmacher – Live
4. Jeffrey Kinrich – Live
5. David Erb - By deposition
6. David Rosenstein - By deposition
7. Hanna Pasula - By deposition
8. Matthias Konrad - Live or by deposition
9. Arpan Agrawal - By deposition

10. James Maccoun - By deposition
11. Matthew Wiseman - By deposition
12. Sanjiv Kumar - By deposition
13. David King – By deposition
14. Alana Malina – By deposition
15. Oleg Ryjkov – By deposition
16. Christine Moor – By deposition

Plaintiff reserves the right to call any witness identified by Google as testifying and to call live any witness identified by Google as testifying live during the trial.

**B. Defendants' Witnesses**

Defendants hereby submit their list of witnesses they will or may call to testify at trial live or by deposition, without prejudice to the right to remove or add any witness. Defendants reserve the right to call any rebuttal witness not identified on its list, as may be necessary. If a witness designated as appearing live is unable to appear, Defendants reserve the right to designate deposition testimony for such witness.

Defendants include in this witness list individuals who may be listed on Plaintiff's witness list, and otherwise reserve the right to call any witness that appears on Plaintiff's witness list without waiving any right to object to Plaintiff's presentation of such witnesses at trial, without waiving any objections to the admissibility of such testimony, and without waiving the right to move for the exclusion of any such testimony. If Plaintiff challenges the authenticity of any documents, articles, or things presented by Defendants at trial, Defendants reserve the right to call additional witness(es) as may be required solely for document authentication. Defendants reserve the right to call additional witnesses for rebuttal or impeachment purposes based on the testimony

offered by Plaintiff at trial. Defendants also reserve the right to substitute witnesses should one of the individuals listed in this disclosure not be available at the time of trial. The inclusion of a witness on this list does not require Defendants to call that witness to testify.

| Witness | May/Will Call | Live/Deposition |
|---|---|---|
| Samrat Bhattacharjee | Will | Live |
| Trevor Darrell | Will | Live |
| Gregory Leonard | Will | Live |
| Matthias Konrad | Will | Live |
| Cristos Goodrow | Will | Live |
| Christine Moor | Will | Live |
| Sanjiv Kumar | Will | Live |
| Oleg Ryjkov | May | Deposition |
| Hanna Pasula | May | Deposition |
| David Erb | May | Deposition |
| Yi-Ling Wang | May | Deposition |
| James Maccoun | May | Deposition |
| Erling Wold | May | Live or Deposition |
| Jim Schrempp | May | Live or Deposition |
| Patrick Breslin | May | Live or Deposition |
| Robert Kaye | May | Deposition |
| Sean Ward | May | Live or Deposition |
| Ingemar Cox | May | Live or Deposition |
| Corey Horowitz | May | Live or Deposition |

### C. Plaintiff's Objections Defendants' Witnesses

Plaintiff objects to Defendant calling or using the testimony of Christine Moor and Oleg Ryjkov on the grounds that these witnesses were not timely disclosed during the discovery period and that their testimony relates solely to the Defendant's late disclosed theory of non-infringing alternatives.

Plaintiff objects to any use by Defendant of the deposition testimony of the following individuals on the ground of hearsay: David Erb, James Maccoun, Hanna Pasula, Oleg Ryjkov, and Yi-Ling Wang.

Plaintiff objects to the use of deposition testimony of the following individuals on the grounds set forth in its pending motion for summary judgment: Patrick Breslin, Robert Kaye, Jim Schrempp, Erling Wold, and Sean Ward.

### D. Defendants' Objections Plaintiff's Witnesses

Defendants object to the use of deposition testimony for any witness who will be testifying live at trial, save for impeachment purposes.

In response to Plaintiff's objections above, Defendants state that David Erb, James Maccoun, Hanna Pasula, and Oleg Ryjkov are not currently employed by Google or YouTube, and, to the best of Defendants' knowledge, are unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4). Plaintiff's additional objections are the subject of other briefing before the Court.

## X. DEPOSITION DESIGNATIONS

### A. Plaintiff's Designations, with Defendants' Cross-Designations and Objections

The Deposition testimony to be offered in Plaintiff's case in chief, by page and line, with any cross-designations and objections by Defendants, are found in Exhibit A attached hereto.

### B. Defendants' Designations, with Plaintiff's Cross-Designations and Objections

The Deposition testimony to be offered by Defendants, by page and line, with any cross-designations and objections by Plaintiff, are found in Exhibit B attached hereto.

## XI. EXHIBITS

### A. Plaintiff's Exhibit List, with Defendants' Objections

Plaintiff's exhibits to be offered in its case in chief, and Defendants' Objections are found in Exhibit C attached hereto. By including any exhibit on the list, Plaintiff does not concede the exhibit is admissible. Moreover, Plaintiff reserves the right to withdraw any exhibit before trial based on, among other things, the rulings on the pending motion for summary judgment and the forthcoming *Daubert* motions and motions *in limine.*

### B. Defendants' Exhibit List, with Plaintiff's Objections

Defendants' exhibits and Plaintiff's objections are found in Exhibit D attached hereto. By including any exhibit on the list, Defendants do not concede the admissibility of the exhibit for any and all purposes. Defendants reserve the right to rely on any exhibits on Plaintiffs' exhibit list and to add or withdraw any exhibit before trial based on actions taken by Plaintiff or the Court, including rulings on the pending motion for summary judgment and the *Daubert* motions and motions in *limine* filed concurrently with the parties' Proposed Pretrial Order.

Dated: November 6, 2026

*/s/ Brian D. Ledahl*
Marc A. Fenster (*pro hac vice*)
Reza Mirzaie (*pro hac vice*)
Brian D. Ledahl (*pro hac vice*)
Benjamin T. Wang (*pro hac vice*)
Dale Chang (*pro hac vice*)
Adam S. Hoffman (*pro hac vice*)
Paul A. Kroeger (*pro hac vice*)
Jacob R. Buczko (*pro hac vice*)
Sarah Wang (*pro hac vice*)
Alexandra F. Easley (*pro hac vice*)
Minna Y. Jay (*pro hac vice*)
Jason Wietholter (*pro hac vice*)
Mackenzie Paladino (NY SBN 6039366)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
bwang@raklaw.com
dchang@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com
jbuczko@raklaw.com
swang@raklaw.com
aeasley@raklaw.com
mjay@raklaw.com
jwietholter@raklaw.com
mpaladino@raklaw.com

Charles R. Macedo
AMSTER, ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
cmacedo@arelaw.com

*Attorneys for Network-1 Technologies, Inc.*

*/s/ Andrew V. Trask*
Andrew V. Trask
Edward Bennett (*pro hac vice*)
Melissa Collins (*pro hac vice*)
Graham W. Safty (*pro hac vice*)
Andrew L. Hoffman (*pro hac vice*)
Philip Haunschild (*pro hac vice*)
Kathryn Larkin (*pro hac vice*)
Daniel Schneider (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 434-5000
Fax: (202) 434-5029
atrask@wc.com
ebennett@wc.com
mcollins@wc.com
gsafty@wc.com
ahoffman@wc.com
phaunschild@wc.com
klarkin@wc.com
dschneider@wc.com

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10022

Kevin Hardy (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20024
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinhardy@quinnemanuel.com

Ginger D. Anders
MUNGER TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Phone: (202) 220-1100
Fax: (213) 683-5112
ginger.anders@mto.com

Vincent Y. Ling (*pro hac vice*)

Matthew Miyamoto (*pro hac vice*)
MUNGER TOLLES & OLSON LLP
350 S. Grand Avenue
50th Floor
Los Angeles, CA 90071
Phone: (213) 683-9573
Fax: (213) 683-5173
vincent.ling@mto.com
matthew.miyamoto@mto.com

*Attorneys for Defendants Google LLC and YouTube LLC*

SO ORDERED.

______________________________
Paul G. Gardephe
United States District Judge
Dated: ____________, 2026